The CITY OF DALLAS, Texas, Relator,

v.

The Honorable Ken VAUGHAN, Judge,
County Criminal Court of Appeals,
Number One, Respondent.

No. 05–88–00173–CV.

Court of Appeals of Texas,
Dallas.

May 4, 1988.

Rehearing Denied May 31, 1988.

Shimon Kaplan and Judith Douglas, East Texas Legal Services, Beaumont, for relator.

J. Randall Walker, Richard C. Hile, Tonahill, Hile, Leister & Jacobellis, Jasper, for respondent.

Randall D. Fife, Dallas, for relator.

Henry J. Voegtle, Dallas, for respondent.

Robert E. Hilton, Dallas, for party in interest.

Before DEVANY, STEWART and HECHT, JJ.

DEVANY, Justice.

Relator, the City of Dallas, complains that respondent, the Honorable Ken Vaughan, abused his discretion by reversing the judgment of the *non-record* municipal court as to a traffic violation and remanding the cause back to the municipal court for a trial on the record rather than conducting a trial *de novo*. Relator seeks a writ of mandamus to compel the respondent to conduct a trial *de novo* in appeal number A1–87–0224–CV. For the reasons given below, we conditionally grant the writ.

On September 10, 1987, real party in interest Alon N. Revelman received a traffic citation for speeding. On September 14, 1987, Revelman's attorney sent a letter to the municipal court, trial-request-section, requesting that a record be made of the proceedings in the municipal court. This request was refused, and on October 5, 1987, trial was held in municipal court number eight, a *non-record* court. The court rendered judgment that Revelman was guilty of speeding and assessed an $88.00 fine. The judgment was appealed to the county criminal court of appeals. On December 8, 1987, respondent, Judge Vaughan, judge of the county criminal court of appeals, number one, Dallas County, ordered that the municipal court's judgment be reversed, and remanded the cause for a trial *on the record* before a municipal court.[1] According to relator, a request was made on February 18, 1988, by an assistant city attorney for Judge Vaughan to hear the appeal immediately. Judge Vaughan refused to do so on the grounds set forth in his December 28 order, stating that the county criminal court of appeals had no jurisdiction to hear the case *de novo*.

In support of its argument that respondent should proceed to trial *de novo*, relator relies upon article 44.17 of the Code of Criminal Procedure which states as follows:

> In all appeals to a county court from justice courts and municipal courts *other than municipal courts of record*, the trial *shall be de novo in the trial in the county court*, the same as if the prosecution had been originally commenced in that court. An appeal to the county court from a municipal court of record may be based only on errors reflected in the record.

(Emphasis added). Consequently, relator argues that since the trial in this case took place in a non-record court, respondent has a ministerial duty to proceed to trial *de novo* on appeal.

The complicated statutory history requires discussion. Prior to October 1, 1986, all municipal courts in Dallas were

---

**1.** We note that the certified copy of respondent's order of which relator complains reflects a date of December *28*, 1987. The docket sheet in Judge Vaughan's court resolves the conflict in that it reflects that the judgment was "rendered" on December 8, 1987, and that it was "entered" in the minutes on December 28, 1987.

non-record courts. By Ordinance No. 19290, the city of Dallas, on October 1, 1986, created *one* record municipal court pursuant to sections 30.382(a) and 30.383 of the Texas Government Code, which authorized the creation of such record courts. As permitted by statute, this newly created municipal court of record exercised exclusive jurisdiction in all criminal cases, *other than traffic offenses*, arising under relator's ordinances.

On August 31, 1987, the legislature passed Senate Bill 340 by which it amended section 30.383 of the Government Code to allow municipal courts of record jurisdiction over *all* criminal cases arising under the ordinances of relator. Thus, the legislature specifically deleted the language in section 30.383 excluding traffic offenses from the jurisdiction of municipal courts of record. By this means, the legislature extended the jurisdiction of record municipal courts to include *traffic offenses*.

We agree with relator's contention that nothing in the language of Senate Bill 340 suggests that *all* municipal courts in Dallas must be courts of record or that non-record municipal courts were abolished when courts of record were created. Bolstering this belief is the fact that section 30.142(b) of the Government Code provides that Fort Worth may *not* have municipal courts of record existing concurrently with municipal courts that are not courts of record. The fact that the statute is silent about Dallas leaves open the possibility that it might have record and non-record municipal courts concurrently.

Nevertheless, relator passed Ordinance No. 19802 on December 16, 1987, which made *all* relator's municipal courts, courts of record, an ordinance which did not become effective until January 1, 1988.

■ The actions of which relator complains occurred in the period of time between the legislative authorization to try traffic offenses in municipal courts of record and relator's passing of the ordinance effectuating the change. Since it transpired before January 1, 1988, the trial in the municipal court was in a non-record court. We agree that because the trial was not on the record, pursuant to the provisions of article 44.17 of the Code of Criminal Procedure, respondent was statutorily compelled to hear the trial *de novo*.

■ We disagree with respondent's contention that respondent did not have a ministerial duty to proceed to trial *de novo*. Importantly, article 44.17 provides that an appeal from a non-record court "shall" be by trial *de novo*. The word "shall" in a statute is usually construed to be mandatory, unless legislative intent suggests otherwise. *Schepps v. Presbyterian Hospital of Dallas*, 638 S.W.2d 156, 157–58 (Tex. App.—Dallas 1982), *modified on other grounds*, 652 S.W.2d 934 (Tex.1983).

In *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956), the supreme court pronounced the analysis to be employed when determining whether the legislature intended the statute in question to be mandatory or directory. Consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. The statutory provision is mandatory when it is the essence of the thing to be done, and it is directory when it is included only for the purpose of promoting the proper, orderly, and prompt conduct of business. Applying this analysis to this cause, we conclude that conducting the trial *de novo* is the essence of the thing to be done and thus is mandatory.

Respondent's contentions regarding the relator's creating its own problems by delaying the enacting of the ordinance to make all municipal courts record courts and that the statute was self-enacting obfuscate this situation. Although, at the time Revelman was tried, the *record* municipal court had jurisdiction to hear his case by virtue of the change in the enabling statute, the relevant city ordinance called for all traffic offense cases to be assigned to the *non-record* court. Respondent must proceed to hold a trial *de novo* since the municipal court trial was properly tried in the only type of court assigned traffic offense cases at the time, and further since article 44.17 mandates that the appeal be conducted by trial *de novo*.

The statute giving municipal courts of record jurisdiction over all criminal cases arising under the ordinances of relator, including traffic offenses, does not transform *"non-record"* courts, with jurisdiction to hear such cases, into *"record"* courts, nor does it require the city to do so. Section 30.383(a), which provides that "a municipal court of record has jurisdiction within the territorial limits of the city in all criminal cases," nowhere states that the municipal court of record has *exclusive* jurisdiction. By expanding the jurisdiction of *record* courts, the legislature did not at the same time limit *non-record* courts' existing jurisdiction.

During oral argument, the possibility of violation of equal protection of the law was raised. Respondent contends that relator on September 1, 1987, since it *could* have done so, *should* have transformed all municipal courts into courts of record. Otherwise, some alleged offenders would have their offenses tried in *record* courts and some would have their offenses tried in *non-record* courts, which respondent contends violates equal protection of the law. *Ex parte Spring*, 586 S.W.2d 482 (Tex. Crim.App.1979).

Respondent's reliance on *Ex parte Spring* is misplaced. The court of criminal appeals held that since the municipal court procedure and the justice of the peace court procedure assure an ultimate right to a recorded trial before a law-trained justice, there is no equal protection violation. *Ex parte Spring* at 486. Similarly, the system set up by the relator in this case assured that all parties would eventually receive a trial on the record.

■ The statute did not require relator to transform all courts that hear traffic violations into courts of record. On the state of the record before us, there is nothing to show that relator violated equal protection by assigning, for the period of time in question, all traffic cases to non-record courts. On the contrary, *all* traffic cases were heard only in non-record courts, thus precluding the possibility that one such case might be tried in a record court and another in a non-record court.

We hold that respondent had a ministerial duty to proceed to trial; he had no discretion in the matter. Article 44.17 mandates that, when the case is tried in a non-record municipal court, the county court shall conduct a trial *de novo*.

Therefore, we conditionally grant the City's petition for writ of mandamus, and direct the county criminal court of appeals, number one, to vacate its order of December 8, 1987, which orders a reversal and remand to the municipal court, and proceed to trial *de novo* immediately in appeal number A1–87–0224–CR.. We are confident that the said court will proceed accordingly, but, if it does not, the writ shall issue.