**In re COLLOM & CARNEY CLINIC ASSOCIATION and Mark E. Sutherland, M.D.**

No. 06–01–00150–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 21, 2001.

Decided Dec. 21, 2001.

Jeffery C. Lewis, Atchley, Russell, Waldrop & Hlavinka, LLP, Texarkana, for Collom & Carney Clinic Assoc.

William C. Gooding, Gooding & Dodson, Texarkana, for Mark E. Sutherland, M.D.

M. Mark Lesher, Lesher & Murry, Texarkana, for real party in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Collom & Carney Clinic Association and Mark E. Sutherland, M.D., Relators, have filed a petition for writ of mandamus to compel the Honorable William Peek, Judge of the 202nd Judicial District Court of Bowie County, to dismiss the underlying lawsuit. Relators are the remaining defendants in a medical malpractice lawsuit filed by Rosemary Moore, individually and on behalf of the Estate of Heather Moore, deceased, the real party in interest. Relators seek to compel Judge Peek to dismiss the lawsuit with prejudice because the plaintiff has failed to comply with Article

4590i, § 13.01(d) of the Texas Medical & Liability Insurance Improvement Act. TEX. REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp.2002). Article 4590i, § 13.01(d) provides as follows:

> (d) Not later than the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:
>> (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or
>> (2) voluntarily nonsuit the action against the physician or health care provider.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6) (Vernon Supp.2002) defines "expert report" as follows:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damage claimed.

Subsection (e) provides that if a claimant fails to file the required expert report within the time required, the court shall, on motion of the affected physician or health care provider, enter an order dismissing the claimant's action with prejudice. Subsection (f) provides that, for good cause shown after motion and hearing, the court may extend any time period provided in subsection (d) for an additional thirty days, but only one such extension may be granted. Subsection (g) provides

that if a claimant has failed to comply with the deadline imposed by subsection (d), but after a hearing the court finds that the noncompliance was not intentional or the result of conscious indifference, but was the result of accident or mistake, the court shall grant a grace period of thirty days to comply with that subsection. A motion by a claimant for relief under this subsection is considered timely if it is filed before any hearing on a motion by a defendant pursuant to subsection (e).

The court is required to grant a motion challenging the adequacy of an expert report only if it appears to the court, after a hearing, that the report does not represent a good faith effort to comply with the statutory definition of an expert report. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01($l$).

Relators' motion to dismiss contended that plaintiff's expert report did not constitute a good faith summary under the statutory requirement and was therefore inadequate. In response, the plaintiff contended that her expert report was in compliance with the statute, but that if it did not comply, her failure to comply was not the result of conscious indifference, but was an accident or mistake; and she requested the thirty-day grace period authorized under subsection (g) in which to bring her expert report into compliance.

The original malpractice suit alleged that on March 5, 1998, Heather Moore was admitted to St. Michael Hospital for a gastric ulcer and reflex (sic) diagnosis. On that same date, Dr. Sutherland of Collom & Carney Clinic performed an operation called "vagotomy and antrectomy." On March 13, Moore was discharged from the hospital and died on March 16 from "bile peritonitis and small bowel volvulus due to ruptured common bile duct."

Rosemary Moore filed her expert report in letter form. It was dated May 2, 2000, from Brent H. Miedema, M.D., F.A.C.S. On August 24, 2001, Relators moved to strike the expert report and to dismiss Moore's petition on the ground that the report did not represent a good faith effort to comply with the statutory requirements of an expert report. On October 11, 2001, Judge Peek specifically found that: 1) plaintiff's expert report failed to comply with Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d); and 2) such failure was not the result of accident or mistake. However, in his order Judge Peek stated that notwithstanding these findings, he granted a fifteen-day extension of time from October 1, 2001, in which to comply with the statute.

■■■ A writ of mandamus commands a lower court to perform some act. *In re Alley,* 1 S.W.3d 268, 269 (Tex.App.-Texarkana 1999, orig. proceeding). The writ will issue only to compel the performance of a ministerial act or duty, or to correct a clear abuse of discretion by the trial court. In addition to showing the failure to perform a ministerial duty or the clear abuse of discretion by the trial court, the relator must also show that she does not have a clear and adequate remedy at law, such as a normal appeal. *In re Dynamic Health, Inc.,* 32 S.W.3d 876, 880 (Tex.App.-Texarkana 2000, orig. proceeding). The relator has the burden of proof to show the inadequacy of the appellate remedy. *In re Abraham,* 22 S.W.3d 512, 515 (Tex.App.-El Paso 1999, orig. proceeding).

■■ The issue in this case is whether the trial court, having found that the expert report filed by the plaintiff was not in compliance with the statutory requirements, and having further found that such lack of compliance was *not* due to accident or mistake, had a ministerial duty to dismiss the plaintiff's case with prejudice.

In her response to the petition for writ of mandamus, Moore asserts that the lack of specific mention in the court's order that her failure was not intentional or the result of conscious indifference precludes the court from dismissing the case. In their reply, Relators argue that the coordinating conjunction "but," which appears in the statute, joins together "words or word groups of equal grammatical rank." Webster's Third New International Dictionary 480, 502 (3d ed.1961). In Tex.Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g), the word "but" joins together word groups of equal grammatical rank, i.e., "not intentional or the result of conscious indifference" and "was the result of an accident or mistake." Relators contend that since "not intentional," etc. and "the result of an accident or mistake" are equal, to state "*not* the result of accident or mistake" is the same as to state "intentional or the result of conscious indifference." We agree. The trial court has expressed its order in sufficiently precise statutory terms so that its meaning is clear. The court has made a specific finding that precluded its granting of the thirty-day grace period provided in Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(g).

■■ The Legislature enacted the particular section under which Relators have moved to dismiss, employing the following language: "the court *shall* . . . enter an order awarding as sanctions . . . (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling." (Emphasis added.) The word "shall" in a statute is usually construed to be mandatory, unless the legislative intent suggests otherwise. *City of Dallas v. Vaughan,* 750 S.W.2d 345, 347 (Tex.App.-Dallas 1988, orig. proceeding). The legislative intent does not suggest otherwise as to this statute. The Texas Supreme Court, in *Am. Transitional Care*

*Ctrs. of Texas, Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001) stated:

> If a trial court determines that an expert report does not meet these statutory requirements, *it must then dismiss with prejudice* the claim against the defendant who has challenged the report.

*Id.* at 877 (emphasis added); *see also Gutierrez v. Walker,* 50 S.W.3d 61, 63 (Tex. App.-Corpus Christi 2001, no pet. h.); *Wright v. Bowie Mem'l Hosp.,* 48 S.W.3d 443, 445 (Tex.App.-Fort Worth 2001, no pet. h.); *Richburg v. Wolf,* 48 S.W.3d 375, 377 (Tex.App.-Eastland 2001, no pet. h.).

We therefore hold that the trial court in this case, having made findings of noncompliance, and having made no finding consistent with the granting of the thirty-day statutory grace period, had a ministerial duty to dismiss the case with prejudice.

■ We must also determine whether Relators have an adequate remedy at law. As a general rule, the denial by the trial court of motions designed to terminate the lawsuit, either permanently or temporarily, are not reviewable by mandamus. For example, in *Texas Commerce Bank, N.A. v. Prohl,* 824 S.W.2d 228 (Tex.App.-San Antonio 1992, orig. proceeding), the court held that mandamus is generally not available to control the incidental rulings of a trial court, such as rulings on pleas in abatement. The court of appeals held that the writ would not issue if the relator has another adequate remedy, *"even if the relator were entitled to the action sought as a matter of law." Id.* at 229 (emphasis added); *see also Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969).

Mandamus to compel granting pleas in abatement is generally limited to those instances where one court has assumed jurisdiction and has issued an injunction or other order actively interfering with the proper jurisdiction of another court. *Id.*

Another case where mandamus was held to be inappropriate is *In re Lee,* 995 S.W.2d 774 (Tex.App.-San Antonio 1999, orig. proceeding). Relators in that case were lawyers who had been sued for defamation based on correspondence they had sent in anticipation of litigation. In the underlying lawsuit, the lawyers had filed motions for summary judgment, asserting their entitlement to immunity from suit based on a theory of privileged communication. The court noted that while some similar privileges confer immunity from suit, and in some cases the Legislature has authorized interlocutory appeals from the denial of summary judgment in such instances, no such interlocutory appeal was permitted for the claims raised by the attorneys in this case. *Id.* at 777. The court found that relators were seeking to use mandamus to circumvent the long-standing rule that the denial of summary judgment was not appealable. The court referred to the ruling of the trial court denying the lawyers' motion for summary judgment as an incidental trial ruling, subject to the long-standing rule that mandamus is not available to correct. Other examples of rulings to which mandamus is not appropriate are the denials by trial courts of motions to dismiss based on the doctrine of *forum non conveniens, In re W. Aircraft, Inc.,* 2 S.W.3d 382 (Tex.App.-San Antonio 1999, orig. proceeding), and pleas in abatement, pleas to the jurisdiction, motions to dismiss, and special exceptions. *Low v. King,* 867 S.W.2d 141, 142 (Tex.App.-Beaumont 1993, orig. proceeding).

■ All of these cases have a common characteristic; i.e., the motions would have stopped the lawsuits entirely, stopped them temporarily, or moved them to other courts. Even though in some instances the motions should properly have been sustained, the courts held that their denial

was not a basis for mandamus jurisdiction, as the remedy at law, i.e., the normal appeal, was adequate. The cost or delay of having to go through trial and the appellate process does not render the remedy at law inadequate. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992); *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59–60 (Tex.1991); *Hill v.. Lopez*, 858 S.W.2d 563, 565 (Tex.App.-Amarillo 1993, orig. proceeding).

▮ Viewed under these authorities, the trial court's ruling here would be considered merely an incidental court ruling, reviewable on direct appeal, which remedy would not be considered inadequate. However, the dismissal in this case is compelled by statute. Recently, the Texas Supreme Court, in *Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, discussed Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01 in the context of expert testimony generally in medical malpractice litigation:

> Texas courts have long recognized the necessity of expert testimony in medical-malpractice cases.... Because expert testimony is crucial to a medical-malpractice case, knowing what specific conduct the plaintiff's experts have called into question is critical to both the defendant's ability to prepare for trial and the trial court's ability to evaluate the viability of the plaintiff's claims. This makes eliciting an expert's opinions early in the litigation an obvious place to start in attempting to reduce frivolous law suits.

*Id.* at 876–77 (citations omitted). Tex.Rev. Civ. Stat. Ann. art. 4590i was enacted by the Legislature to address the problem of litigants filing frivolous claims against medical practitioners without adequately investigating them in a timely manner. This led physicians to settle such suits, regardless of their merits, and also to expend sizeable sums defending such claims. *Horsley–Layman v. Angeles*, 968 S.W.2d 533, 537 (Tex.App.-Texarkana 1998, no pet.); *see also Marquez v. Providence Mem'l Hosp.*, 57 S.W.3d 585 (Tex.App.-El Paso 2001, no pet. h.).

We have looked for guidance to a legislative enactment, and caselaw interpretation thereof, found in Chapter 263 of the Texas Family Code, specifically related to suits affecting the parent-child relationship in which the Texas Department of Protective and Regulatory Services ("the department") has been appointed by the court or designated in an affidavit of relinquishment of parental rights, as the temporary or permanent managing conservator of a child. *See* Tex. Fam.Code Ann. § 263.002 (Vernon 1996).

Tex. Fam.Code Ann. § 263.401(a) (Vernon Supp.2002) provides:

> Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary date the court rendered a temporary order appointing the department as temporary managing conservator, *the court shall dismiss the suit affecting the parent-child relationship filed by the department* that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(Emphasis added.)

*In re Bishop*, 8 S.W.3d 412 (Tex.App.-Waco 1999, orig. proceeding), was a mandamus action by the parents of a child to compel the trial judge to dismiss a suit affecting the parent-child relationship filed by the department of human services, or to order the department to return the child to them, based on the provision quoted above. The court of appeals recognized that under general mandamus law, it must not only find that the trial judge violated a ministerial duty or clearly abused his dis-

cretion; it must also find there is no adequate remedy at law by ordinary appeal. In determining whether the remedy by ordinary appeal was legally adequate, the court noted that the Legislature had enacted TEX. FAM.CODE ANN. § 263.401 (Vernon Supp.2002) to reflect changes suggested by a Governor's committee, one of whose recommendations was that, for children in department conservatorship, there be a deadline for either the termination of parental rights or reunion with the family within twelve months of removal. This, along with the court's recognition that the remedy of ordinary appeal is frequently inadequate to protect the rights of parents and children in such suits, prompted the court to hold that appeal was not adequate and that mandamus was appropriate where the facts demonstrated that the department had failed to bring its case to a conclusion within one year. *Id; see also In re Ruiz*, 16 S.W.3d 921, 926–27 (Tex. App.-Waco 2000, orig. proceeding); *In re T.M.*, 33 S.W.3d 341, 346 (Tex.App.-Amarillo 2000, no pet.).

The Legislature, in enacting TEX.REV. CIV. STAT. ANN. art. 4590i likewise expressed a specific purpose in requiring dismissal if a proper expert report is not filed and served on defendants in medical malpractice cases. While the trial court's ruling that a plaintiff's expert report is deficient is reviewable on appeal, we conclude that, having found Moore's expert report deficient, and having found no basis to permit the grace period allowed under the statute, the trial court was required to dismiss the lawsuit with prejudice; it had no discretion to do otherwise. The peti-

tion for writ of mandamus is conditionally granted. The writ will issue only if the trial court fails to take the appropriate action in accordance with this opinion.

GRANT, J., filed a concurring opinion.

GRANT, Justice, concurring.

We are addressing a mandamus proceeding. We are not reviewing the merits of the trial court's finding on the failure of the required expert report to comply with the statute or the finding in the order that the failure to comply was not the result of an accident or mistake.

Because this was not an appeal and because the real party in interest could not appeal because that party had received a favorable ruling and also because the order was interlocutory, the issue of the merits of the trial court's findings could not be reviewed by this court.

Our granting of the mandamus is based on the procedural posture of the case at this time, and although we find that the trial court should have dismissed the case based on the statute and the findings of the trial court, this does not preclude an appeal of this dismissal to review the merits of the findings by the trial court.

Because of the limited effect of our order as discussed, I respectfully concur.