6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00150-CV


______________________________





IN RE: COLLOM & CARNEY CLINIC ASSOCIATION 


AND MARK E. SUTHERLAND, M.D.








 


Original Mandamus Proceeding







 
 



Before Cornelius, C.J., Grant and Ross, JJ.

Opinion by Chief Justice Cornelius

Concurring Opinion by Justice Grant


O P I N I O N


 Collom & Carney Clinic Association and Mark E. Sutherland, M.D., Relators, have filed a
petition for writ of mandamus to compel the Honorable William Peek, Judge of the 202nd Judicial
District Court of Bowie County, to dismiss the underlying lawsuit. Relators are the remaining
defendants in a medical malpractice lawsuit filed by Rosemary Moore, individually and on behalf
of the Estate of Heather Moore, deceased, the real party in interest. Relators seek to compel Judge
Peek to dismiss the lawsuit with prejudice because the plaintiff has failed to comply with Article
4590i, § 13.01(d) of the Texas Medical & Liability Insurance Improvement Act. Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01 (Vernon Supp. 2002). Article 4590i, § 13.01(d) provides as follows:

 (d) Not later than the 180th day after the date on which a health care liability 

 claim is filed or the last day of any extended period established under 

 Subsection (f) or (h) of this section, the claimant shall, for each physician 

 or health care provider against whom a claim is asserted:


 (1) furnish to counsel for each physician or health care provider one 

 or more expert reports, with a curriculum vitae of each expert listed 

 in the report; or


 (2) voluntarily nonsuit the action against the physician or health care provider.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6) (Vernon Supp. 2002) defines "expert report" as 


follows:


 a written report by an expert that provides a fair summary of the expert's opinions
as of the date of the report regarding applicable standards of care, the manner in
which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or
damage claimed.

 Subsection (e) provides that if a claimant fails to file the required expert report within the
time required, the court shall, on motion of the affected physician or health care provider, enter an
order dismissing the claimant's action with prejudice. Subsection (f) provides that, for good cause
shown after motion and hearing, the court may extend any time period provided in subsection (d)
for an additional thirty days, but only one such extension may be granted. Subsection (g) provides
that if a claimant has failed to comply with the deadline imposed by subsection (d), but after a
hearing the court finds that the noncompliance was not intentional or the result of conscious
indifference, but was the result of accident or mistake, the court shall grant a grace period of thirty
days to comply with that subsection. A motion by a claimant for relief under this subsection is
considered timely if it is filed before any hearing on a motion by a defendant pursuant to subsection
(e).

 The court is required to grant a motion challenging the adequacy of an expert report only if
it appears to the court, after a hearing, that the report does not represent a good faith effort to comply
with the statutory definition of an expert report. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(l).

 Relators' motion to dismiss contended that plaintiff's expert report did not constitute a good
faith summary under the statutory requirement and was therefore inadequate. In response, the
plaintiff contended that her expert report was in compliance with the statute, but that if it did not
comply, her failure to comply was not the result of conscious indifference, but was an accident or
mistake; and she requested the thirty-day grace period authorized under subsection (g) in which to
bring her expert report into compliance. 

 The original malpractice suit alleged that on March 5, 1998, Heather Moore was admitted
to St. Michael Hospital for a gastric ulcer and reflex (sic) diagnosis. On that same date, Dr.
Sutherland of Collom & Carney Clinic performed an operation called "vagotomy and antrectomy." 
On March 13, Moore was discharged from the hospital and died on March 16 from "bile peritonitis
and small bowel volvulus due to ruptured common bile duct." 

 Rosemary Moore filed her expert report in letter form. It was dated May 2, 2000, from Brent
H. Miedema, M.D., F.A.C.S. On August 24, 2001, Relators moved to strike the expert report and
to dismiss Moore's petition on the ground that the report did not represent a good faith effort to
comply with the statutory requirements of an expert report. On October 11, 2001, Judge Peek
specifically found that: 1) plaintiff's expert report failed to comply with Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 13.01(d); and 2) such failure was not the result of accident or mistake. However, in his
order Judge Peek stated that notwithstanding these findings, he granted a fifteen-day extension of
time from October 1, 2001, in which to comply with the statute. 

 A writ of mandamus commands a lower court to perform some act. In re Alley, 1 S.W.3d
268, 269 (Tex. App.-Texarkana 1999, orig. proceeding). The writ will issue only to compel the
performance of a ministerial act or duty, or to correct a clear abuse of discretion by the trial court. 
In addition to showing the failure to perform a ministerial duty or the clear abuse of discretion by
the trial court, the relator must also show that she does not have a clear and adequate remedy at law,
such as a normal appeal. In re Dynamic Health, Inc., 32 S.W.3d 876, 880 (Tex. App.-Texarkana
2000, orig. proceeding). The relator has the burden of proof to show the inadequacy of the appellate
remedy. In re Abraham, 22 S.W.3d 512, 515 (Tex. App.-El Paso 1999, orig. proceeding).

 The issue in this case is whether the trial court, having found that the expert report filed by
the plaintiff was not in compliance with the statutory requirements, and having further found that
such lack of compliance was not due to accident or mistake, had a ministerial duty to dismiss the
plaintiff's case with prejudice.

 In her response to the petition for writ of mandamus, Moore asserts that the lack of specific
mention in the court's order that her failure was not intentional or the result of conscious indifference
precludes the court from dismissing the case. In their reply, Relators argue that the coordinating
conjunction "but," which appears in the statute, joins together "words or word groups of equal
grammatical rank." Webster's Third New International Dictionary 480, 502 (3d ed. 1961). 
In Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g), the word "but" joins together word groups of
equal grammatical rank, i.e., "not intentional or the result of conscious indifference" and "was the
result of an accident or mistake." Relators contend that since "not intentional," etc. and "the result
of an accident or mistake" are equal, to state "not the result of accident or mistake" is the same as
to state "intentional or the result of conscious indifference." We agree. The trial court has expressed
its order in sufficiently precise statutory terms so that its meaning is clear. The court has made a
specific finding that precluded its granting of the thirty-day grace period provided in Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 13.01(g). 

 The Legislature enacted the particular section under which Relators have moved to dismiss,
employing the following language: "the court shall . . . enter an order awarding as sanctions . . .
(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's
refiling." (Emphasis added.) The word "shall" in a statute is usually construed to be mandatory,
unless the legislative intent suggests otherwise. City of Dallas v. Vaughn, 750 S.W.2d 345, 347
(Tex. App.-Dallas 1988, orig. proceeding). The legislative intent does not suggest otherwise as to
this statute. The Texas Supreme Court, in Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios,
46 S.W.3d 873, 877 (Tex. 2001) stated:

 If a trial court determines that an expert report does not meet these statutory
requirements, it must then dismiss with prejudice the claim against the defendant who
has challenged the report.

Id. at 877 (emphasis added); see also Gutierrez v. Walker, 50 S.W.3d 61, 63 (Tex. App.-Corpus
Christi 2001, no pet. h.); Wright v. Bowie Mem'l Hosp., 48 S.W.3d 443, 445 (Tex. App.-Fort Worth
2001, no pet. h.); Richburg v. Wolf, 48 S.W.3d 375, 377 (Tex. App.-Eastland 2001, no pet. h.). 

 We therefore hold that the trial court in this case, having made findings of noncompliance,
and having made no finding consistent with the granting of the thirty-day statutory grace period, had
a ministerial duty to dismiss the case with prejudice.

 We must also determine whether Relators have an adequate remedy at law. As a general rule,
the denial by the trial court of motions designed to terminate the lawsuit, either permanently or
temporarily, are not reviewable by mandamus. For example, in Texas Commerce Bank, N.A. v.
Prohl, 824 S.W.2d 228 (Tex. App.-San Antonio 1992, orig. proceeding), the court held that
mandamus is generally not available to control the incidental rulings of a trial court, such as rulings
on pleas in abatement. The court of appeals held that the writ would not issue if the relator has
another adequate remedy, "even if the relator were entitled to the action sought as a matter of law." 
Id. at 229 (emphasis added); see also Pope v. Ferguson, 445 S.W.2d 950, 954 (Tex. 1969). 

 Mandamus to compel granting pleas in abatement is generally limited to those instances
where one court has assumed jurisdiction and has issued an injunction or other order actively
interfering with the proper jurisdiction of another court. Id.

 Another case where mandamus was held to be inappropriate is In re Lee, 995 S.W.2d 774
(Tex. App.-San Antonio 1999, orig. proceeding). Relators in that case were lawyers who had been
sued for defamation based on correspondence they had sent in anticipation of litigation. In the
underlying lawsuit, the lawyers had filed motions for summary judgment, asserting their entitlement
to immunity from suit based on a theory of privileged communication. The court noted that while
some similar privileges confer immunity from suit, and in some cases the Legislature has authorized
interlocutory appeals from the denial of summary judgment in such instances, no such interlocutory
appeal was permitted for the claims raised by the attorneys in this case. Id. at 777. The court found
that relators were seeking to use mandamus to circumvent the long-standing rule that the denial of
summary judgment was not appealable. The court referred to the ruling of the trial court denying
the lawyers' motion for summary judgment as an incidental trial ruling, subject to the long-standing
rule that mandamus is not available to correct. Other examples of rulings to which mandamus is 
not appropriate are the denials by trial courts of motions to dismiss based on the doctrine of forum
non conveniens, In re W. Aircraft, Inc., 2 S.W.3d 382 (Tex. App.-San Antonio 1999, orig.
proceeding), and pleas in abatement, pleas to the jurisdiction, motions to dismiss, and special
exceptions. Low v. King, 867 S.W.2d 141, 142 (Tex. App.-Beaumont 1993, orig. proceeding). 

 All of these cases have a common characteristic; i.e., the motions would have stopped the
lawsuits entirely, stopped them temporarily, or moved them to other courts. Even though in some
instances the motions should properly have been sustained, the courts held that their denial was not
a basis for mandamus jurisdiction, as the remedy at law, i.e., the normal appeal, was adequate. The
cost or delay of having to go through trial and the appellate process does not render the remedy at
law inadequate. Walker v. Packer, 827 S.W.2d 833, 842 (Tex. 1992); Hooks v. Fourth Court of
Appeals, 808 S.W.2d 56, 59-60 (Tex. 1991); Hill v. Lopez, 858 S.W.2d 563, 565 (Tex.
App.-Amarillo 1993, orig. proceeding). 

 Viewed under these authorities, the trial court's ruling here would be considered merely an
incidental court ruling, reviewable on direct appeal, which remedy would not be considered
inadequate. However, the dismissal in this case is compelled by statute. Recently, the Texas
Supreme Court, in Am. Transitional Care Ctrs. of Texas, Inc. v. Palacios, 46 S.W.3d 873, discussed
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01 in the context of expert testimony generally in
medical malpractice litigation:

 Texas courts have long recognized the necessity of expert testimony in medical-malpractice cases . . . . Because expert testimony is crucial to a medical-malpractice
case, knowing what specific conduct the plaintiff's experts have called into question
is critical to both the defendant's ability to prepare for trial and the trial court's ability
to evaluate the viability of the plaintiff's claims. This makes eliciting an expert's
opinions early in the litigation an obvious place to start in attempting to reduce
frivolous law suits.

 

Id. at 876-77 (citations omitted). Tex. Rev. Civ. Stat. Ann. art. 4590i was enacted by the
Legislature to address the problem of litigants filing frivolous claims against medical practitioners
without adequately investigating them in a timely manner. This led physicians to settle such suits,
regardless of their merits, and also to expend sizeable sums defending such claims. Horsley-Layman
v. Angeles, 968 S.W.2d 533, 537 (Tex. App.-Texarkana 1998, no pet.); see also Marquez v.
Providence Mem'l Hosp., 57 S.W.3d 585 (Tex. App.-El Paso 2001, no pet. h.). 

 We have looked for guidance to a legislative enactment, and caselaw interpretation thereof,
found in Chapter 263 of the Texas Family Code, specifically related to suits affecting the parent-child relationship in which the Texas Department of Protective and Regulatory Services ("the
department") has been appointed by the court or designated in an affidavit of relinquishment of
parental rights, as the temporary or permanent managing conservator of a child. See Tex. Fam.
Code Ann. § 263.002 (Vernon 1996).

Tex. Fam. Code Ann. § 263.401(a) (Vernon Supp. 2002) provides:

 Unless the court has rendered a final order or granted an extension under Subsection
(b), on the first Monday after the first anniversary date the court rendered a temporary
order appointing the department as temporary managing conservator, the court shall
dismiss the suit affecting the parent-child relationship filed by the department that
requests termination of the parent-child relationship or requests that the department
be named conservator of the child. 

 

(Emphasis added.) 

 In re Bishop, 8 S.W.3d 412 (Tex. App.-Waco 2000, orig. proceeding), was a mandamus
action by the parents of a child to compel the trial judge to dismiss a suit affecting the parent-child
relationship filed by the department of human services, or to order the department to return the child
to them, based on the provision quoted above. The court of appeals recognized that under general
mandamus law, it must not only find that the trial judge violated a ministerial duty or clearly abused
his discretion; it must also find there is no adequate remedy at law by ordinary appeal. In
determining whether the remedy by ordinary appeal was legally adequate, the court noted that the
Legislature had enacted Tex. Fam. Code Ann. § 263.401 (Vernon Supp. 2002) to reflect changes
suggested by a Governor's committee, one of whose recommendations was that, for children in
department conservatorship, there be a deadline for either the termination of parental rights or
reunion with the family within twelve months of removal. This, along with the court's recognition
that the remedy of ordinary appeal is frequently inadequate to protect the rights of parents and
children in such suits, prompted the court to hold that appeal was not adequate and that mandamus
was appropriate where the facts demonstrated that the department had failed to bring its case to a
conclusion within one year. Id; see also In re Ruiz, 16 S.W.3d 921, 926-27 (Tex. App.-Waco 2000,
orig. proceeding); In re T.M., 33 S.W.3d 341, 346 (Tex. App.-Amarillo 2000, no pet.).

 The Legislature, in enacting Tex. Rev. Civ. Stat. Ann. art. 4590i likewise expressed a
specific purpose in requiring dismissal if a proper expert report is not filed and served on defendants
in medical malpractice cases. While the trial court's ruling that a plaintiff's expert report is deficient
is reviewable on appeal, we conclude that, having found Moore's expert report deficient, and having
found no basis to permit the grace period allowed under the statute, the trial court was required to
dismiss the lawsuit with prejudice; it had no discretion to do otherwise. The petition for writ of
mandamus  is  conditionally  granted.  The  writ  will  issue  only  if  the  trial  court  fails  to  take
the appropriate action in accordance with this opinion. 


 William J. Cornelius

 Chief Justice



CONCURRING OPINION


 We are addressing a mandamus proceeding. We are not reviewing the merits of the trial
court's finding on the failure of the required expert report to comply with the statute or the finding
in the order that the failure to comply was not the result of an accident or mistake.

 Because this was not an appeal and because the real party in interest could not appeal because
that party had received a favorable ruling and also because the order was interlocutory, the issue of
the merits of the trial court's findings could not be reviewed by this court.

 Our granting of the mandamus is based on the procedural posture of the case at this time, and
although we find that the trial court should have dismissed the case based on the statute and the
findings of the trial court, this does not preclude an appeal of this dismissal to review the merits of
the findings by the trial court.

 Because of the limited effect of our order as discussed, I respectfully concur.


 Ben Z. Grant

 Justice


Date Submitted: December 21, 2001

Date Decided: December 21, 2001


Publish