COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )              No.  08-03-00039-CV

                                                                              )

IN RE:  JAIME QUESADA, M.D.                        )     AN
ORIGINAL PROCEEDING

                                                                              )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM  OPINION
ON WRIT OF MANDAMUS

 

This is an
original proceeding in mandamus.  Jaime
Quesada, M.D., seeks a writ of mandamus requiring the Honorable Patrick Garcia,
Judge of the 384th District Court, to set aside an order denying Dr. Quesada=s motion to reconsider a prior ruling
on a motion to dismiss made pursuant to Article 4590i.[1]  Dr. Quesada also asks that Judge Garcia be
required to dismiss the claims against him because the expert reports do not
constitute a good faith effort to comply with Article 4590i.  For the reasons stated below, we deny relief.

STANDARD OF REVIEW

Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). 
Moreover, there must be no other adequate remedy at law.  Id.








Clear
abuse of discretion

An appellate court
rarely interferes with a trial court's exercise of discretion.  A clear abuse of discretion warranting
correction by mandamus occurs when a court issues a decision which is without
basis or guiding principles of law.  See
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). 
With respect to resolution of factual issues or matters committed to the
trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d at 839-40. 
The relator must therefore establish that the
trial court could reasonably have reached only one decision.  Id. 
Even if the reviewing court would have decided the issue differently, it
cannot disturb the trial court=s
decision unless it is shown to be arbitrary and unreasonable.  Id. 
With respect to a trial court=s
determination of the legal principles controlling its ruling, the standard is
much less deferential.  A trial court has
no Adiscretion@
in determining what the law is or applying the law to the facts.  Thus, a clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion, and
may result in appellate reversal by extraordinary writ.  Walker, 827 S.W.2d
at 840.

No
adequate remedy by appeal








An appellate court
will deny mandamus relief if another remedy, usually appeal, is available and
adequate.  Street v.
Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig. proceeding). 
Mandamus will not issue where there is Aa
clear and adequate remedy at law, such as a normal appeal.@ 
Walker, 827 S.W.2d at 840, quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court and
the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas, ' 1.4(1)(b) at 47 (2d Ed. 1979).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT

The real parties
in interest argue, among other things, that mandamus is not available to review
the denial of a motion to dismiss made pursuant to Article 4590i.  There is a split of authority among the
intermediate appellate courts on this issue. 
See In re Collom & Carney Clinic Assoc.,
62 S.W.3d 924, 928 (Tex.App.--Texarkana 2001, orig.
proceeding)(holding that erroneous refusal to dismiss case under Article 4590i
is subject to mandamus review); In re Herrera, No. 05-02-00003-CV, 2002
WL 193307, *2 (Tex.App.--Dallas February 8, 2002,
orig. proceeding)(not designated for publication)(appellate court found no
evidence that appeal is inadequate to meet Article 4590i=s
purpose of reducing frivolous lawsuits). 
Because there are other reasons for denying the petition, we decline to
address this issue in the instant case.

The record before
us does not reflect that the trial court clearly abused its discretion by
denying the motion to dismiss. 
Accordingly, we deny the relief requested in the petition for mandamus.

 

 

February
27, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]
Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp. 2003).