Petition for Writ of Mandamus Denied and Majority and Concurring
Opinions filed May 13, 2004









Petition
for Writ of Mandamus Denied and Majority and Concurring Opinions filed May 13,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00169-CV

____________

 

IN RE FRANZ EMIL
SCHNEIDER, M.D. and

SURESH RAJENDRAN, M.D., Relators

 

______________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

______________________________________________________

 

M A J O R I T Y   O P I N I O N








On
February 24, 2004, relators, Franz Emil Schneider, M.D. and Suresh Rajendran,
M.D., filed a petition for writ of mandamus in this court.  See Tex.
Gov=t Code Ann. ' 22.221 (Vernon Supp. 2004); see
also Tex. R. App. P. 52.  In their petition, relators seek to compel
the Honorable Sharolyn Wood, Judge of the 127th Judicial District Court of
Harris County, to set aside her September 26, 2003 order entered in cause
number 2002-61220, styled Curtis Phipps, et al. v. Juan Botto, M.D., et al.,
denying relators= motion to dismiss. 
Relators seek mandamus relief to compel the trial court to enter an
order dismissing the claims against them with prejudice.  Relators assert that dismissal is mandated
because the expert report filed by the real parties in interest did not comply
with former article 4590i, sections 13.01(d), 13.01(r)(6), 14.01(a), and
14.01(c) of the Medical Liability and Insurance Improvement Act.[1]  

Relators
and other physicians were sued by the family of Minnie Phipps for damages
allegedly sustained as a result of medical malpractice during her treatment for
abdominal pain during the seven months before her death.  Relators complain that the report furnished
by the real parties= expert does not constitute a good faith effort to comply
with the statutory definition of an expert report.  On September 26, 2003, the trial court denied
relators= motion to dismiss, and relators
subsequently filed this petition.  








Mandamus
issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law where there is no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992).  The requirement that a
party seeking mandamus relief establish the lack of an adequate appellate
remedy is a Afundamental tenet@ of mandamus practice.  Id. at 840.  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  Id. 
An appellate remedy is not inadequate merely because it may involve more
expense or delay than obtaining mandamus relief.  See CSR Ltd. v. Link, 925 S.W.2d 591,
596 (Tex. 1996); Walker, 827 S.W.2d at 842.  Because mandamus is an extraordinary remedy,
we may not issue mandamus to supervise or correct a trial court=s incidental rulings when there is an
adequate remedy at law, such as an appeal. 
See Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 306
(Tex. 1994); Walker, 827 S.W.2d at 839B40.

Relators
cite In re Collom & Carney Clinic Association, 62 S.W.3d 924 (Tex.
App.CTexarkana 2001, orig. proceeding) to
support their argument that appeal is inadequate to review the denial of a
motion to dismiss due to a deficient expert report under former article 4590i.[2]  In Collom, the trial court found that
the expert report filed by the plaintiff was untimely, and that the lack of
compliance with section 13.01(d)=s requirement to file a report within
180 days was not due to accident or mistake. 
See former article 4590i, ' 13.01(g) (providing for 30-day grace
period where noncompliance is not intentional but due to accident or
mistake).  Nevertheless, the trial court
granted a 30-day extension.  Id.
at 927.  

Relators
complained that the trial court had a ministerial duty to dismiss the plaintiff=s case with prejudice.  Although the Texarkana court acknowledged
that the trial court=s denial of motions designed to terminate or abate lawsuits
generally are not reviewable by mandamus, it nonetheless conditionally granted
relief.[3]  In concluding an appellate remedy was inadequate
to review the denial of a motion to dismiss after a trial court has found the
report deficient, the Texarkana court recognized that the legislature=s stated purpose in enacting article
4590i to reduce frivolous suits.  Id. at
929. 








We
decline to follow Collom and its progeny.  Unlike Collom, there is no complaint
in this case that the report was untimely. 
The trial court here made no findings that the expert report was
untimely, and thus no ministerial duty was triggered.  The determination of whether plaintiffs have
made a good faith effort to provide an expert report satisfying the statute
requires judicial discretion rather than a ministerial act.  See Tenet Hosp., 116 S.W.3d at 830
(Wittig, J., dissenting) (A[T]he legislature invested with the trial court in the first
instance, not the appellate courts, the authority to determine in its judicial
discretion, the adequacy of a report.@). 
Even the Collom court noted it could not review the merits of the
trial court=s findings on mandamus.  Collom, 62 S.W.3d at 930 (Grant, J.,
concurring).  

The
legislature has recently amended section 51.014 of the Texas Civil Practice and
Remedies Code to provide for an interlocutory appeal if a trial court denies a
motion to dismiss a health care liability claim under section 74.351(b) when an
expert=s report has not been served within
the statutory deadline.  See Act
of June 2, 2003, 78th Leg., R.S., ch. 204 ' 1.03, 2003 Tex. Gen. Laws 847, 849
(current version at Tex. Civ. Prac.
& Rem. Code Ann. ' 51.014(a)(9) (Vernon Supp. 2004)).  The amendment applies only to actions filed
after September 1, 2003.  Act of June 2,
2003, 78th Leg., R.S., ch. 204 ' 23.02(d), 2003 Tex. Gen. Laws 847, 899.  The legislature expressly chose to apply the
amendment prospectively.  Had the
legislature intended to provide interlocutory review of the denial of motions
to dismiss under the former article, it could have done so.  








As for
actions predating September 1, 2003, the Texas Supreme Court recently denied,
without written opinion, ten petitions for writs of mandamus seeking to compel
dismissal due to inadequate expert reports.[4]  See In Re Woman=s Hosp. of Texas, Inc., 47 Tex. S. Ct. J. 318 (March 5, 2004);
In re Horswell, 47 Tex. S. Ct. J. 318 (March 5, 2004); In re Shapiro,
47 Tex. S. Ct. J. 319 (March 5, 2004); In re Rodriguez, 47 Tex. S. Ct.
J. 319 (March 5, 2004); In re Fort Worth Osteopathic Hosp., Inc., 47
Tex. S. Ct. J. 319 (March 5, 2004); In re Barker, 47 Tex. S. Ct. J. 319
(March 5, 2004); In re Southside Fam. Care Assocs., 47 Tex. S. Ct. J.
319 (March 5, 2004); In re Riverside Hosp., Inc., 47 Tex. S. Ct. J. 319
(March 5, 2004); In re Farley, 47 Tex. S. Ct. J. 319 (March 5, 2004); In
re Redels, 47 Tex. S. Ct. J. 319 (March 5, 2004).

This
court has previously denied mandamus relief under circumstances similar to
those present here, declining to follow Collom and holding that an
adequate remedy by appeal existed.  See
In re Woman=s Hosp. of Texas, Inc., No. 14-02-00561-CV (Tex. App.CHouston [14th Dist.] July 26, 2002,
orig. proceeding) (not designated for publication), mand. denied, 47
Tex. Sup. Ct. J. 318 (March 5, 2004).  We
therefore hold that relators have an adequate remedy by appeal to review the
determination of whether an expert=s report represents a good faith
effort to comply with the statutory requirements for such a report.

We deny
relators= petition for writ of mandamus. 

 

 

/s/        Adele
Hedges

Chief Justice

 

Petition Denied and Majority and
Concurring Opinions filed May 13, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.  (Frost, J. concurring).

 

 











[1]  Act effective
August 29, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as
amended) (former Tex. Rev. Civ. Stat.
Ann. art. 4590i, '' 1.01-16.02 (the AMedical
Liability and Insurance Improvement Act, @)), repealed
by Act effective September 1, 2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847, 884.  Many of the provisions of former article
4590i are now codified at Tex. Civ.
Prac. & Rem. Code Ann. ''
74.001-74.507 (Vernon Supp. 2004). 
Because this case was filed before September 1, 2003, the provisions of
former article 4590i apply.  Subsequent
references to the repealed act  will be
cited as Aformer Tex.
Rev. Civ. Stat. Ann. art. 4590i.@

According to the former statute, an expert
report must be from a physician who 1) is practicing medicine at the time the
opinion is rendered or at the time the claim arose, 2) has knowledge of
accepted standards of medical care for the diagnosis, care or treatment of the
illness, injury, or condition involved in the claim, and 3) is qualified on the
basis of training or experience to offer an expert opinion regarding those
accepted standards of medical care. 
Former Tex. Rev. Civ. Stat. Ann.
art. 4590i, ' 14.01(a)(1), (2), & (3).  The statute also provides guidance to
determine whether a witness is qualified on the basis of training or
experience.  Former Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 14.01(c).





[2]   Relators also
rely on In re Watumull, No. 05-04-00019-CV, 2004 WL193563, at *3, (Tex.
App.CDallas Feb. 3, 2004, orig. proceeding) (granting
relief due to untimely report); In re Tenet Hosp. Ltd., 116 S.W.3d 821,
827 (Tex. App.CEl Paso 2003, orig. proceeding) (granting relief due
to inadequate report); and In re Morris, 93 S.W.3d 388, 390 (Tex. App.CAmarillo 2002,orig. proceeding) (denying relief where
no abuse of discretion was shown in granting extension), all of which follow Collom=s holding that appeal is inadequate without further
analysis.  





[3]   The court
cited several instances where mandamus is inappropriate, including the denials
of summary judgments, pleas in abatement, special exceptions, motions to
dismiss for forum non conveniens and other motions to dismiss.  See Collom, 62 S.W.2d at 928B29, and cases cited therein.





[4]   Justice Owen,
joined by Justices Hecht and Brister, filed a concurring and dissenting opinion
to the denial of these petitions, arguing that the purpose of the expert report
requirements in former article 4590i can only be served if mandamus relief is available.  In re Woman=s Hosp. of Texas, Inc., 47 Tex. Sup. Ct. J. 346, 351 (March 5, 2004) (Owen,
J. concurring and dissenting) (dissenting to the denial of three petitions
after considering the merits of each). 
Justice Owen recognized granting mandamus in these cases might lead to
relaxed standards for granting mandamus relief in other cases.  Id. at 355.