In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00014-CV
______________________________


LINDA MORRIS, Appellant
 
V.
 
DR. ROGER W. BOSWELL, DR. JEFFREY NEILSON, AND 
HOPKINS COUNTY MEMORIAL HOSPITAL, Appellees


                                              

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV35150


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

             Pro se appellant, Linda Morris, alleged in her lawsuit against appellees, Dr. Roger Boswell,
Dr. Jeffrey Neilson, and Hopkins County Memorial Hospital, that her ankle injury was negligently
treated, ultimately resulting in the amputation of her leg. Because Morris failed to file medical
expert reports as required by Article 4590i of the Medical Liability Insurance Improvement Act, the
trial court dismissed her lawsuit with prejudice on the motions of appellees. See Tex. Rev. Civ.
Stat. Ann. art. 4590i, Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985,
repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884 and
recodified at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2004–2005). Because
no excuse or exception to the expert report requirement was raised by Morris, or appears to this
Court, we affirm the dismissal.
            When a claimant files a healthcare liability claim against a healthcare provider, he or she
must provide opposing counsel an "expert report" and curriculum vitae against each defendant within
180 days after filing suit. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)


; Am. Transitional Care
Ctrs. of Tex. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001). Article 4590i defines an expert report
as
a written summary by an expert that provides a fair summary of the expert's opinion
as of the date of the report regarding applicable standards of care, the manner in
which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between the failure and the injury, harm or
damages received. 

 Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6).




            The record contains no such expert report filed on behalf of Morris, nor does it reveal that
she sought at any time an extension of time in which to file a report. Therefore, we need only
determine whether dismissal was proper under the statute. We review a trial court's decision to
dismiss a plaintiff's cause of action for an abuse of discretion. Palacios, 46 S.W.3d at 875; Chandler
v. Singh, 129 S.W.3d 184, 189 (Tex. App.—Texarkana 2004, no pet.).
            Section 13.01(e) mandates that a trial court must dismiss a healthcare liability claim if it finds
that the claimant failed to file an expert report and that there is no justification for an extension of
time in which to file one. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e).


 We have held that "the
word 'shall' in a statute is usually construed to be mandatory, unless the legislative intent suggests
otherwise" and that, with respect to Article 4590i, the legislative intent does not suggest otherwise. 
In re Collom & Carney Clinic Ass'n, 62 S.W.3d 924, 927 (Tex. App.—Texarkana 2001, no pet.). 
So, dismissal is mandatory if the claimant fails to comply with the expert report requirements.


 See
id. at 928; Hagedorn v. Tisdale, 73 S.W.3d 341, 352 (Tex. App.—Amarillo 2002, no pet.).
            Morris filed suit May 19, 2003. No expert report was filed, and no extension of time in
which to file an expert report was sought, by November 15, 2003, the 180th day after she filed her
petition. In the following days, appellees filed their motions to dismiss pursuant to Section 13.01(d),
(e). Since Morris failed to comply with Article 4590i's requirements, the trial court was required to
dismiss her claims and, therefore, did not abuse its discretion in dismissing pursuant to Article 4590i. 
            Accordingly, we affirm the trial court's dismissal with prejudice of Morris' lawsuit.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 13, 2004
Date Decided:             October 14, 2004