Kathryn Suzette **RICHBURG** and Doug **Richburg, Appellants,**

v.

**Roland O. WOLF, M.D., Appellee.**

No. 11–00–00287–CV.

Court of Appeals of Texas, Eastland.

May 17, 2001.

Frank W. Conard, Frank Conard Law Firm, Sweetwater, for appellant.

J. Wade Birdwell, Wesley T.D. Myers, Linda Maloney, Wallach & Moore, Fort Worth, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

McCALL, Justice.

Kathryn Suzette Richburg and Doug Richburg filed this medical malpractice case against Dr. Roland O. Wolf. The trial court granted Dr. Wolf's motion to dismiss the case because the expert report provided by the Richburgs did not satisfy the requirements of the "Texas Medical Liability and Insurance Improvement Act." We affirm.

Kathryn suffered from dense fibrocystic disease of the breasts. To diminish her pain, Dr. Wolf performed bilateral subcutaneous mastectomies and reconstructive breast surgery. After the surgery, the Richburgs brought this suit alleging that Dr. Wolf failed to fully disclose the risks associated with the use of silicone implants, failed to use saline implants instead of silicon, failed to place the implants subpectorally, failed to remove sufficient breast tissue from the right breast during the mastectomy, and failed to diagnose both surgical and post-surgical injuries.

Texas health care liability claims are governed by the "Texas Medical Liability and Insurance Improvement Act." See TEX.REV.CIV.STAT.ANN. art. 4590i, §§ 1.01 through 16.02 (Vernon Supp.2001). Section 13.01(d) of the Act requires a claimant to file an "expert report," together with a curriculum vitae of the expert, within 180 days of filing suit or voluntarily nonsuit the action. Section 13.01(r)(6) defines "expert report" as:

"Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal rela-

tionship between that failure and the injury, harm, or damages claimed.

A claimant's failure to file the "expert report" can result in sanctions. Section 13.01(e) provides that, if a claimant fails to comply with Section 13.01(d), upon motion of the "affected physician or healthcare provider," the court *shall* enter the following sanctions against the claimant:

> (1) the reasonable attorney's fees and costs of court incurred by that defendant; (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and (3) *the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.* (Emphasis added)

During the 180–day time period, the Richburgs furnished Dr. Wolf with copies of the curriculum vitae and report of Dr. Brentley A. Buchele. Like Dr. Wolf, Dr. Buchele is a board certified plastic surgeon. Nine months after the Richburgs filed suit, Dr. Wolf filed a motion to dismiss their claims on the grounds that Dr. Buchele's report was not an "expert report" as defined by Section 13.01(r)(6). The motion to dismiss pointed out that Dr. Buchele's report failed to state the applicable standard of care; failed "to establish the causal relationship between Dr. Wolf's alleged failure to meet the standard of care and the injury, harm, or damages claimed by the [Richburgs]"; and failed to state what damages the Richburgs had suffered. Before the hearing was held on Dr. Wolf's motion to dismiss, but after the expiration of the mandatory 180–day period, the Richburgs tendered a supplemental report which purported to "clarify" or cure the deficiencies in the original report that had been identified by Dr. Wolf.

### Standard of Review

■ The trial court granted Dr. Wolf's motion and dismissed the Richburgs'

claims with prejudice. The standard for reviewing a trial court's judgment of dismissal with prejudice pursuant to Section 13.01(e) is whether the trial court's decision was an abuse of discretion. *American Transitional Care Centers of Texas, Inc. d/b/a American Transitional Hospital v. Palacios et al,* 46 S.W.3d 873 (Tex. 2001)(not yet reported). Section 13.01(*l*) provides that a court shall grant a motion challenging the adequacy of an expert report only if it appears to the court after a hearing that the report does not represent a "good faith" effort to comply with the definition of an expert report in Section 13.01(r)(6). In their first and second issues, the Richburgs contend that they timely filed the required expert report and that the original report was a good faith effort to comply with the requirements of Article 4590i.

### Dr. Buchele's Original Report

■ Because Dr. Wolf filed the motion challenging the adequacy of Dr. Buchele's report, Dr. Wolf had the burden under Section 13.01(*l*) to demonstrate that the report was not a good faith effort. In his motion to dismiss, Dr. Wolf pointed out that Dr. Buchele's report did not adequately define a standard of care applicable to reconstructive breast surgery and that the report failed to establish the causal relationship between Dr. Wolf's alleged failure to meet the standard of care and the injury, harm, or damages claimed by the Richburgs.

The report sets forth a standard of care applicable to all physicians rather than one for plastic and reconstructive surgeons performing reconstructive breast surgery:

> Physicians, particularly surgeons, are under the obligation to make clear to the patient the diagnosis, various treatment options, and then recommend a course

of action. Once this has been agreed to, it is incumbent on the physician to carry out this plan unless unforeseen emergency mitigating circumstances occur.

The report does not identify any specific treatment or condition, and it fails to set forth the specific standard of care for obtaining a patient's consent for that treatment. Also, the report does not address Dr. Buchele's qualifications to address the standard of care applicable to breast reconstruction surgery following a bilateral subcutaneous mastectomy. Dr. Buchele's curriculum vitae reflects a distinguished career, but neither it nor the report sets forth his expertise for the reconstructive breast surgery performed by Dr. Wolf. See *Hart v. Wright, supra* at 876–77.

Dr. Buchele's report also failed to address the causal relationship between Dr. Wolf's care and treatment of Kathryn and the damages that the Richburgs seek. The report states:

In the chart, the operative plan as discussed with the patient included the use of saline implants placed beneath the pectoralis muscle.

At the time of surgery silicone implants were placed and they were placed above the muscle.

Silcone gel implants have come under much scrutiny in the past 5–8 years and their current use is monitored. A separate form documenting that the patient is aware of the intended use of these devices is in the medical record, however, there is no evidence that the patient ever saw this form and her signature is not present in the appropriate place.

The operative report mentions the placement of the implants in the subcutaneous rather than subpectoral space, but does not explain why there was a deviation from the operative plan as outlined in the notes.

The report lacks specificity as to the applicable standard of care and the breach by Dr. Wolf. Moreover, even if we were to conclude that Dr. Buchele's report set forth the standard of care and how it was breached, the report does not explain the causal relationship between Dr. Wolf's treatment and the damages allegedly suffered by the Richburgs.

Because Dr. Buchele's report did not meet the statutory requirements of Section 13.01(r)(6), the trial court did not abuse its discretion in dismissing the Richburgs' claims with prejudice. *Transitional Care Centers of Texas, Inc. d/b/a American Transitional Hospital v. Palacios et al., supra.* The Richburgs' first two issues are overruled.

### *The Supplemental Report*

Apparently recognizing the deficiencies, the Richburgs filed a supplemental report by Dr. Buchele before the trial court held the hearing on Dr. Wolf's motion to dismiss. In their third issue, the Richburgs contend that the trial court erred in dismissing their claims because the supplemental report cured any deficiencies in Dr. Buchele's original report.

It does not appear that any Texas court has dealt with the question of whether a supplemental report can supply critical information to meet the requirements of Section 13.01(r)(6) after the statutory period has elapsed. We hold that, unless the trial court grants an extension of time for filing the expert report and any supplements, a supplemental report cannot be used for that purpose even though the original report was timely filed.

Article 4590i contemplates only two methods for curing a failure to comply with the requirements of Section 13.01(d) and (r)(6). Failure to comply may stem from either the failure to file a report or the filing of an inadequate report. The

first method is found in Section 13.01(f) that requires the trial court to grant a 30 day extension if the claimant demonstrates by motion and evidentiary hearing the existence of "good cause." Section 13.01(f). The second method is found in Section 13.01(g) which reads:

Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. *A motion by a claimant for relief under this subsection* shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section. (Emphasis added)

The Richburgs did not file a motion for relief under Section 13.01(g). One of the two statutory methods must be followed before a supplement can be filed to cure a deficient report. This was not done. The Richburgs' third issue is overruled.

### *This Court's Ruling*

The judgment of the trial court is affirmed.