Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00504-CV

____________

 

ROBERT RICE, INDIVIDUALLY, AS HEIR TO AND AS REPRESENTATIVE OF
THE ESTATE OF TERI LYNN RICE, DECEASED, AND AS NEXT FRIEND OF RICHARD M. RICE,
MINOR AND HEIR TO THE ESTATE OF 

TERI LYNN RICE, AND RICHARD A. MINARD,
Appellants

 

V.

 

HNMC, INC. D/B/A HOUSTON NORTHWEST MEDICAL CENTER, 

TENET HEALTHCARE CORPORATION, EMCARE,
INC., 

JACK NUSZEN, D.O., AND LEWIS A. LEAVITT,
III, M.D., Appellees

 



 

On
Appeal from the 190th District Court

Harris County, Texas

Trial
Court Cause No. 00-21081

 



 

M
E M O R A N D U M   O P I N I O N








Appellants
Robert Rice, individually, as heir to and as representative of the estate of
Teri Lynn Rice, deceased, and as next friend of Richard M. Rice, minor and heir
to the estate of Teri Lynn Rice, and Richard A. Minard (collectively, Athe
Rice Family@) filed a wrongful-death-and-survival action based on the
alleged failure of Drs. Jack Nuszen and Lewis Leavitt, III, to diagnose the
cardiac disease that allegedly caused the death of Teri Lynn Rice.  The trial court granted appellees=
motion to dismiss for failure to file a sufficient expert report under section
13.01 of the Medical Liability and Insurance Improvement Act.  The Rice Family asserts that the trial court
abused its discretion in denying its request for an extension of time to
supplement its expert report and in finding its expert report
insufficient.  We affirm.

                            I. 
Factual and Procedural Background 

In
July of 1998, decedent Teri Lynn Rice was allegedly struck by lightning.  She sought medical treatment in the emergency
room at Houston Northwest Medical Center. 
She complained of chest pains, and she was concerned that she was having
a heart attack.  The Rice Family alleges
that Drs. Nuszen and Leavitt provided medical care to Mrs. Rice in the
emergency room and that they committed various acts of negligence, including
discharging Mrs. Rice without properly diagnosing her heart disease.  The Rice Family alleges that Mrs. Rice died
approximately one week after she was discharged from the emergency room and
that the cause of her death was the undiagnosed heart disease.  








On
April 27, 2000, the Rice Family filed suit against Drs. Nuszen and Leavitt and
appellees/defendants HNMC, Inc. d/b/a Houston Northwest Medical Center, Tenet
Healthcare Corporation, and Emcare, Inc. (collectively, the AMedical
Providers@), alleging that their negligence and gross negligence
proximately caused Mrs. Rice=s death.  The Rice Family
attached to its original petition a one-page expert report of Dr. George R.
Schwartz.  On January 18, 2001, after
some of the appellees/defendants moved to dismiss for failure to file a proper
expert report, the Rice Family filed a response in opposition that included a
request for an Aextension of time for Dr. Schwartz to supplement his expert
report to specifically state that he is incorporating by reference the
documents he reviewed and relied upon in his report.@  On January 19, 2001, the Rice Family filed a
supplemental report of Dr. Schwartz. 
This report does not incorporate by reference any documents that Dr.
Schwartz reviewed and upon which he relied in his report, and the Rice Family
never requested an extension of time to file this supplemental report.  On January 26, 2001, the trial court granted
the Medical Providers= motions to dismiss.

Although
the Rice Family tendered a motion for new trial to the district clerk on
February 23, 2001, the clerk refused to accept the motion at that time because
the trial court had not dismissed the Rice Family=s claims against two unserved defendants C
Drs. Nuszen and Leavitt.  After the Rice
Family nonsuited the claims asserted against these two defendants, the district
clerk accepted the Rice Family=s motion for new trial on April 16, 2001.  On May 11, 2001, the Rice Family filed its
notice of appeal as well as a motion for extension of time to file the notice
of appeal.

                                                   II. 
Issues and Analysis 

A.  Does this court have
appellate jurisdiction?








Despite
this court=s prior denial of their motion to dismiss for lack of appellate
jurisdiction, the Medical Providers continue to challenge this court=s
appellate jurisdiction.  They correctly
state that the trial court=s dismissal order of January 26, 2001, was final and
appealable, despite its failure to dispose of the Rice Family=s
claims against two unserved defendants.  See
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex.
1962).  However, we reaffirm our prior
ruling in this case.  The Rice Family has
shown that it timely filed its motion for new trial by tendering the motion to
the district clerk on February 23, 2001. 
See Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993) (noting
that, under Texas law, a document is deemed filed with a court when it is
tendered to the clerk).  Because the Rice
Family timely filed a motion for new trial, its deadline to file a notice of
appeal was April 26, 2001.  See
Tex. R. App. P. 26.1(a).  Within fifteen days of this deadline, the
Rice Family filed a notice of appeal, and it also timely filed a motion for
extension of time to file a notice of appeal that provided a reasonable explanation
for its failure to timely file the notice of appeal.  See Tex.
R. App. P. 10.5 (b)(2)(A), 26.3; Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997).  Therefore, this
court has jurisdiction.  Accordingly, we
overrule the Medical Providers= challenge to our appellate jurisdiction.

B.      Did the trial court abuse its discretion
by ruling that the Rice Family did not file an expert report in compliance with
section 13.01 of the Medical Liability and Insurance Improvement Act?

 

In its second issue, the Rice Family asserts it complied with
the expert-report requirements of section 13.01 of the Medical Liability and
Insurance Improvement Act, and therefore, the trial court abused its discretion
in dismissing the Rice Family=s claims.  Section 13.01
establishes certain procedural requirements applicable to health care liability
claims.  See Tex. Rev. Civ. Stat. Ann. art. 4590i, '
13.01.  Under subsection (d), not later
than the 180th day after filing suit or the last day of any extended period
under subsection (f) or (h), a health care liability claimant who wishes to
pursue a claim must furnish an expert report for each physician or health care
provider against whom she asserts a claim. 
Id., ' 13.01(d). The statute defines an Aexpert
report@
as 

a written report by an expert that provides a fair summary of
the expert=s opinions as of the date of the report regarding applicable
standards of care, the manner in which the care rendered by the physician or
health care provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed. 








Id., ' 13.01(r)(6).  Thus, the
expert report must set out, in nonconclusory language, the expert=s
opinions about three elements of the claim: the standard of care, breach, and
causation.  See Am. Transitional Care
Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 879 (Tex. 2001).  Subsection (e) provides that if the claimant
fails to comply with subsection (d) within the time allowed, the court shall,
on the defendant=s motion, enter an order dismissing the claim with prejudice as
a sanction against the claimant.  See
Tex. Rev. Civ. Stat. Ann. art.
4590i, '
13.01(e); Palacios, 46 S.W.3d at 877. 
Finally, subsection (l) requires the trial court to grant a
motion challenging the adequacy of an expert report Aif
it appears to the court, after hearing, that the report does not represent a
good faith effort to comply with the definition of an expert report in
Subsection (r)(6) of this section.@  See Tex. Rev. Civ. Stat. Ann. art. 4590i, '
13.01(l).  The report itself must
include the required information within its four corners.  Bowie Mem=l
Hosp. v. Wright, 79 S.W.3d 48,
53 (Tex. 2002); Palacios, 46 S.W.3d at 878.

The
Rice Family argues Dr. Schwartz=s original expert report was sufficient under section 13.01.[1]  Dr. Schwartz=s original expert report reads in its entirety:

At
your request, I have reviewed medical records from 1996 up through and
including July, 1998 pertaining to the decedent, Teri Lynn Rice.  Based on my review of the information
provided to date, as well as my education, training and experience as a medical
professional, it is my opinion that the actions and/or inactions of HNWMC, Inc.
[sic] d/b/a Houston Northwest Medical Center, Tenet Healthcare Corporation,
Emcare, Inc., Jack Nuszen, D.O., and Lewis A. Leavitt, III, M.D. in the
diagnosis and treatment, or lack thereof, of Teri Lynn Rice was
negligence.  It is also my opinion that
the negligence of each was the proximate and producing cause of Teri Lynn Rice=s
death.

I respectfully
reserve the right to supplement this report as additional information becomes
available.








This
short and conclusory report does not inform each defendant of the specific
conduct the Rice Family has called into question, nor does it provide a basis
for the trial court to conclude that the claims have merit.  See Palacios, 46 S.W.3d at 878B79.  The original report does not contain a fair
summary of Dr. Schwartz=s opinions about the applicable standard of care, the manner in
which the defendants allegedly failed to meet that standard, and the causal
relationship, if any, between that failure and the claimed injury.  See id. at 878.  Because the original expert report=s
conclusory statements did not put the Medical Providers or the trial court on
notice of the challenged conduct, section 13.01(l) afforded the trial
court no discretion but to conclude that the report failed to represent a
good-faith effort to provide a fair summary of the standard of care and how it
was breached, as section 13.01(r)(6) requires. 
See id. at 880. 

In
its second issue, the Rice Family also asserts that the supplemental report of
Dr. Schwartz satisfied section 13.01. 
The Rice Family filed this supplemental report more than 180 days after
filing suit, and it never requested either a general extension of time or an
extension of time to file the supplemental report.  Therefore, this supplemental report was
untimely, and we may not consider it on appeal. 
See Tex. Rev. Civ. Stat.
Ann. art. 4590i, ' 13.01(d), (f), (h); Hightower v. Saxton, 54 S.W.3d 380,
385 (Tex. App.CWaco
2001, no pet.); Richburg v. Wolf, 48 S.W.3d 375, 378B79
(Tex. App.CEastland 2001, pet. denied). 
Accordingly, we overrule the Rice Family=s second issue.

C.      Did
the trial court abuse its discretion by denying the Rice Family=s
request for an extension of time?      

In
its first issue, the Rice Family argues the trial court abused its discretion
by denying its request for an extension of time to supplement Dr. Schwartz=s
report.  We disagree.  The only extension the Rice Family requested
of the trial court was an extension of time for ADr. Schwartz to supplement his expert report to specifically
state that he is incorporating by reference the documents he reviewed and
relied upon in his report.@  We hold the trial court
did not abuse its discretion in denying this request.  Granting this request would not have cured
the Rice Family=s noncompliance with the expert-report requirements of section
13.01, and it would not have impacted the trial court=s
duty to dismiss the Rice Family=s claims, given this noncompliance with the statute and the
expiration of the 180-day time period without any other requests for
extension.  See Tex. Rev. Civ. Stat. Ann. art. 4590i, '
13.01; Palacios, 46 S.W.3d at 880. 








To
the extent the Rice Family asserts error based on the trial court=s
failure to grant a general extension of time to supplement Dr. Schwartz=s
expert report or an extension of time to make the supplemental report of Dr.
Schwartz timely, the Rice Family did not request such extensions from the trial
court, and therefore, it has not preserved error as to these complaints.  See Tex.
R. App. P. 33.1; GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d
599, 620 (Tex. App.CHouston [14th Dist.] 2001, pet. denied) (finding no
preservation of error when party did not assert appellate complaint in trial
court).

Finding
no abuse of discretion, we overrule the Rice Family=s
first issue.

D.      Did
the Rice Family preserve error as to its challenge to the trial court=s
dismissal of its claims against Tenet Healthcare Corporation?

In its third issue, the Rice Family asserts the trial court
erred in granting Tenet Healthcare Corporation=s motion to dismiss because the Medical Liability and Insurance
Improvement Act does not apply to this corporation.  However, the Rice Family does not cite and we
have not found any place in the record where it asserted this complaint in the
trial court.  We conclude that the Rice
Family has not preserved error as to its third issue, and we overrule it.  See Tex.
R. App. P. 33.1;  Pascouet,
61 S.W.3d at 620.

                                                           III. 
Conclusion








Because the original expert report=s
conclusory statements did not put the Medical Providers or the trial court on
notice of the conduct made the basis of the Rice Family=s
claims, section 13.01(l) afforded the trial court no discretion but to
conclude that the report failed to represent a good-faith effort to provide a
fair summary of the standard of care and how it was breached, as section
13.01(r)(6) requires.  Because the
statutory 180-day time period had passed when the trial court made that
determination, and because the Rice Family=s only request for an extension of time would not have cured
its noncompliance with section 13.01, the trial court had to dismiss its claims
with prejudice under section 13.01(e).  See
Tex. Rev. Civ. Stat. Ann. art.
4590i, '  13.01(e); Palacios, 46 S.W.3d at
880.  Accordingly, we affirm the trial
court=s
judgment.

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed May 29, 2003.

Panel
consists of Justices Yates, Anderson, and Frost.

 











[1]  In several
parts of its argument, the Rice Family seems to indicate that this court should
not apply the Texas Supreme Court=s
opinion in Palacios to this case because the trial court=s dismissal occurred before our high court issued the Palacios
opinion.  See Palacios, 46 S.W.3d
at 873.  We disagree.  Absent exceptional circumstances that are not
present here, court decisions apply retroactively.  See Baker Hughes, Inc. v. Keco R. &
D., Inc., 12 S.W.3d 1, 4B5 (Tex. 1999). 
The Texas Supreme Court did not limit the retroactivity of the Palacios
decision in the Palacios opinion, and it has since applied Palacios to
a case that was on appeal when it decided Palacios. See Bowie Mem=l Hosp., 79
S.W.3d at 52; Palacios, 46 S.W.3d at 876B80.