11th Court of Appeals









11th Court of Appeals

Eastland, Texas

Memorandum Opinion

 

In re J. Scott Smith, M.D.

            
No. 11-03-00409-CV B
Original Mandamus Proceeding

 

This is an original mandamus proceeding in a
health-care liability claim.  Dr. J.
Scott Smith maintains that the trial court should have dismissed the
health-care liability claim against him because the expert report filed by the
real party in interest, Leodegario Lopez, was
inadequate.  He also maintains that the
trial court was in error when it granted Lopez an extension of time in which to
file a second expert report.  We
conditionally grant the petition for writ of mandamus sought by Dr. Smith.

Lopez filed a health-care liability claim against
Dr. Smith on October 16, 2002; he subsequently amended his claim.  Lopez also made claims against other parties
that are no longer involved in the lawsuit. 
On January 9, 2003, Lopez filed a purported expert report.  Alleging that the report was insufficient,
Dr. Smith filed a motion to dismiss Lopez=s
lawsuit.  In Lopez=s
answer to the motion, he claimed that the report was sufficient as an expert
report; and he also claimed that, if the report was found to be insufficient,
then it was insufficient because of accident or mistake and that he was
entitled to the 30-day grace period provided for in TEX.REV.CIV.STAT.ANN. art.
4590i, ' 13.01
(Vernon Supp. 2003).[1]  On July 7, 2003, the trial court issued a
letter ruling in which it denied Dr. Smith=s
motion to dismiss and granted Lopez 30 days in which to file an adequate expert
report.  On August 18, 2003, the trial
court entered an order which incorporated the terms of its letter ruling.  By his petition for writ of mandamus, Dr.
Smith seeks an order of dismissal of the claim against him.








Lopez argues that mandamus is not a proper
remedy.  We disagree.  Article 4590i, section 13.01(e) mandates
that, upon a finding that a report is insufficient, the trial court has a
ministerial duty to dismiss the claim. 
Mandamus is a proper remedy.  In
re Tenet Hospitals Limited, 116 S.W.3d 821 (Tex.App.
- El Paso 2003, orig. proceeding).  

Lopez also argues that Dr. Smith waited too long
after the trial court=s
ruling to file the petition for writ of mandamus.  While the issuance of a writ of mandamus is
not an equitable remedy, it is controlled by equitable principles to a large
extent.   In re Users System Services,
Inc., 22 S.W.3d 331, 337 (Tex.1999)(orig. proceeding);   Rivercenter
Associates v. Rivera, 858 S.W.2d 366, 367 (Tex.1993)(orig.
proceeding);  Bailey v. Baker, 696
S.W.2d 255, 256 (Tex.App. ‑ Houston [14th
Dist.] 1985, orig. proceeding).  One
applicable equitable principle is that A[e]quity aids the diligent and not those who slumber on their
rights.@   Rivercenter
Associates v. Rivera, supra at 367 (quoting Callahan v. Giles, 155
S.W.2d 793, 795 (Tex.1941)(orig.proceeding)).  Thus, it is well settled that mandamus relief
may be denied where a party inexplicably delays asserting its rights.  See, e.g., Rivercenter
Associates v. Rivera, supra at 367

Lopez is in effect asserting a laches
theory.  A party asserting laches must show an unreasonable delay by the other party
in asserting its rights and must also show harm resulting because of the
delay.  In re Bahn,
13 S.W.3d 865, 871 (Tex.App ‑ Fort Worth 2000,
orig. proceeding).

One of Dr. Smith=s
attorneys filed an affidavit in which she provided a reasonable basis for the
delay.  Some of the time was consumed in
waiting for comments from Lopez=s
counsel regarding entry of the trial court=s
order.  More time was consumed in
conversations between counsel regarding the proposed filing of the petition for
writ of mandamus.  Those conversations culminated
in Lopez=s counsel=s agreement to continue the case from a
February 4, 2004, trial setting.  Lopez
neither filed pleadings nor engaged in any discovery after the date that the
trial court entered its order.  Dr. Smith=s counsel also referred to the changes
brought about by the adoption of new legislation pertaining to medical
liability claims; and, although not applicable to this case, time was consumed
as a result of the changes.  Furthermore,
Lopez has neither shown that the delay was unreasonable nor shown how he was
harmed by any delay.  Dr. Smith=s petition for writ of mandamus is not
barred by laches.

The trial court provided in its order in this
case:








[T]he
report is legally insufficient and does not meet the requirements set forth in
Section 13.01 of Article 4590i V.A.C.S. 
The Court finds, however, that this report constituted a good faith
effort and hereby GRANTS Plaintiff 30 days from July 7th, 2003, the date of the
letter ruling by the Court, to file an adequate report.

 

Section 13.01(e) of Article 4590i provided in part:

 

If a claimant has failed, for any defendant physician or health
care provider, to comply with Subsection (d) [requiring the filing of an expert
report or a nonsuit] of this section within the time
required, the court shall, on the motion of the affected physician or health
care provider, enter an order awarding as sanctions against the claimant or the
claimant=s
attorney:

 

(3) the dismissal of the action of the claimant
against that defendant with prejudice to the claim=s
refiling.

 

Section 13.01(g) of Article 4590i provided:

 

Notwithstanding any other provision of this section, if a
claimant has failed to comply with a deadline established by Subsection
(d)  of this section and after hearing
the court finds that the failure of the claimant or the claimant=s attorney was not intentional or the
result of conscious indifference but was the result of an accident or mistake,
the court shall grant a grace period of 30 days to permit the claimant to
comply with that subsection.  A motion by
a claimant for relief under this subsection shall be considered timely if it is
filed before any hearing on a motion by a defendant under Subsection (e) of
this section.

 

Section
13.01(l) of Article 4590i provided:

 

A court shall grant a motion challenging the adequacy of an
expert report only if it appears to the court, after hearing, that the report
does not represent a good faith effort to comply with the definition of an
expert report in Subsection (r)(6) of this section.

 

Section
13.01(r)(6) of Article 4590i provided:

 

AExpert
report@ means a
written report by an expert that provides a fair summary of the expert=s opinions as of the date of the report
regarding applicable standards of care, the manner in which the care rendered
by the physician or health care provider failed to meet the standards, and the
causal relationship between that failure and the injury, harm, or damages
claimed. 

 








A trial court=s
decision to dismiss a lawsuit under Article 4590i, section 13.01(e) is reviewed
for abuse of discretion.  American
Transitional Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873
(Tex.2001); Richburg v. Wolf, 48 S.W.3d 375 (Tex.App.
B Eastland 2001, pet=n den=d).  A trial court=s
decision to grant the grace period under Article 4590i, section 13.01(g) is
also reviewed for abuse of discretion.  Walker
v. Gutierrez, 111 S.W.3d 56 (Tex.2003).

In Walker, the supreme court held that, if
a report omits one or more of the elements required by Article 4590i, section
13.01(r)(6), a mistaken belief that the report is sufficient is not the type of
mistake that would entitle a claimant to the grace period provided for in
Article 4590i, section 13.01(g).  Walker
v. Gutierrez, supra.  Here,
the trial court specifically found that the report was insufficient and that it
did not meet the legal requirements of Article 4590i, section 13.01(r)(6).  That finding has not been challenged, and we
have not been asked to review that finding for an abuse of discretion.  In its letter ruling, by referring to Lopez=s arguments below, the trial court
points to the insufficiencies of the report in the areas of the standard of
care, the breach of the standard of care, and causation.  If a report omits any of the statutory
requirements, it cannot constitute a good faith effort to comply with the
statute.  The report was insufficient, as
found by the trial court; and it cannot constitute a good faith effort to
comply with the statute.  American
Transitional Care Centers of Texas, Inc. v. Palacios, supra; In
re Tenet Hospitals Limited, supra. 
Because the report in this case does not constitute a good faith effort
to comply with the statute, the trial court should have granted Dr. Smith=s motion to dismiss.  Furthermore, because the report did not
address one or more elements required by Article 4590i, section 13.01(r)(6), it
is not the type of mistake that would entitle Lopez to the grace period
provided by Article 4590i, section 13.01(g) in order to comply with Article
4590i, section 13.01(r)(6).  Walker v.
Gutierrez, supra.

The petition for writ of mandamus is conditionally
granted.  In the event that the trial
court does not enter its order denying the grace period requested by Lopez and
granting Dr. Smith=s motion
to dismiss, a writ of mandamus will issue. 

 

JIM R. WRIGHT

JUSTICE

 

February 19, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Although applicable to this case, Article 4590i was
repealed effective September 1, 2003; and the subject matter is now governed by
TEX. CIV. PRAC. & REM. CODE ANN. ch. 74 (Vernon Pamph. Supp. 2004).  Matters regarding expert reports are
specifically governed by Section 74.351.