11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In re Daniel J. Vaughan, M.D.

No. 11-04-00011-CV B
Original Mandamus Proceeding

 

This is an original mandamus proceeding in a
health-care liability claim.  Dr. Daniel
J. Vaughan argues that the trial court should have dismissed the health-care
liability claim against him because the expert report filed by the real party
in interest, Teresa Pauline Swift, was inadequate.  He also maintains that the trial court was in
error when it granted Swift an extension of time in which to file a second
expert report.  We conditionally grant
the petition for writ of mandamus sought by Dr. Vaughan.

Swift filed her health-care liability claim
against Dr. Vaughan on June 26, 2002. 
She also made claims against other parties that are no longer involved
in the lawsuit.  On December 20, 2002,
Swift filed a purported expert report. 
On July 10, 2003, Dr. Vaughan filed a motion to dismiss Swift=s lawsuit in which he asserted that the
report was insufficient.  In Swift=s response to the motion, she claimed
that the report was sufficient as an expert report; and she also claimed that,
if the report was found to be insufficient, then it was insufficient because of
accident or mistake and that she was entitled to the 30-day grace period
provided for in TEX.REV.CIV.STAT.ANN. art. 4590i, '
13.01 (Vernon Supp. 2003).[1]  On November 20, 2003, the trial court issued
a letter ruling in which it denied Dr. Vaughan=s
motion to dismiss and granted Swift 30 days in which to file an adequate
report.  On December 10, 2003, the trial
court entered an order which incorporated the terms of its letter ruling.   








Swift argues that mandamus is not a proper
remedy.  We disagree.  Article 4590i, section 13.01(e) mandates
that, upon a finding that a report is insufficient, the trial court has a
ministerial duty to dismiss the claim. 
Mandamus is a proper remedy.  In
re Tenet Hospitals Limited, 116 S.W.3d 821 (Tex.App.
B El Paso 2003, orig. proceeding).  

Swift also argues that Dr. Vaughan=s request for mandamus is barred by laches.  First, Swift
asserts that Dr. Vaughan delayed in filing his motion to dismiss and in seeking
relief on his motion in the trial court. 
Laches is an affirmative defense.  TEX.R.CIV.P. 94.  Swift did not raise a laches
defense in the trial court and, therefore, cannot complain on appeal of Dr.
Vaughan=s alleged
delay in the trial court.  Swift also
asserts that Dr. Vaughan waited too long after the trial court=s ruling to file the petition for writ
of mandamus in this court.  The issuance
of a writ of mandamus is not an equitable remedy, but it is controlled by
equitable principles to a large extent.  In
re Users Systems Services, Inc., 22 S.W.3d 331, 337 (Tex.1999)(orig.
proceeding); Rivercenter Associates v.
Rivera, 858 S.W.2d 366, 367 (Tex.1993)(orig. proceeding); Bailey v.
Baker, 696 S.W.2d 255, 256 (Tex.App. B Houston [14th Dist.] 1985, orig.
proceeding).  One applicable equitable
principle is that A[e]quity aids the diligent and not those who slumber on their
rights.@  Rivercenter
Associates v. Rivera, supra at 367. 
Thus, it is well settled that mandamus relief may be denied where a
party inexplicably delays asserting its rights. 
See, e.g., Rivercenter
Associates v. Rivera, supra at 367. 
A party asserting laches must show an
unreasonable delay by the other party in asserting its rights and must also
show harm resulting because of the delay. 
In re Bahn, 13 S.W.3d 865, 871 (Tex.App. B
Fort Worth 2000, orig. proceeding).

Dr. Vaughan did not unreasonably delay filing his
petition for writ of mandamus in this court. 
He filed the petition on the 30th day after the trial court entered its
order; the petition was filed within a reasonable time period.  Furthermore, Swift has not shown that she was
harmed by the alleged delay.  Dr. Vaughan=s petition for writ of mandamus is not
barred by laches.

Swift asserts that Dr. Stephen Craig Hurlbut=s
report was a good faith effort to comply with Article 4590i. The trial court
provided in its order that:

Dr.
Stephen Hurlbut=s
expert report filed on December 20, 2002, is not adequate, but that its inadequacy
was not intentional or the result of conscious indifference, but was due to
mistake as that term is known in law.

 

*    *    *








IT IS ORDERED that Plaintiff, Teresa Pauline Swift, shall file an
adequate report pursuant  to Article
13.01[(r)](6) within thirty (30) days of the date of this Order.

 

Section 13.01(e) of Article 4590i provided in part:

 

If a claimant has failed, for any defendant physician or health
care provider, to comply with Subsection (d) [requiring the filing of an expert
report or a nonsuit] of this section within the time
required, the court shall, on the motion of the affected physician or health
care provider, enter an order awarding as sanctions against the claimant or the
claimant=s
attorney:

 

(3) the dismissal of the action of the claimant
against that defendant with prejudice to the claim=s
refiling.  

 

Section 13.01(g) of Article 4590i provided:

 

Notwithstanding any other provision of this section, if a
claimant has failed to comply with a deadline established by Subsection (d) of
this section and after hearing the court finds that the failure of the claimant
or the claimant=s
attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake, the court shall grant a grace period of
30 days to permit the claimant to comply with that subsection.  A motion by a claimant for relief under this
subsection shall be considered timely if it is filed before any hearing on a
motion by a defendant under Subsection (e) of this section. 

                

Section 13.01(l) of Article 4590i provided:

 

A court shall grant a motion challenging the adequacy of an
expert report only if it appears to the court, after hearing, that the report
does not represent a good faith effort to comply with the definition of an
expert report in Subsection (r)(6) of this section.  

 

Section 13.01(r)(6) of Article 4590i provided:

 

AExpert
report@ means a
written report by an expert that provides a fair summary of the expert=s opinions as of the date of the report
regarding applicable standards of care, the manner in which the care rendered
by the physician or health care provider failed to meet the standards, and the
causal relationship between that failure and the injury, harm, or damages
claimed.                           

 








A trial court=s
decision to dismiss a lawsuit under Article 4590i, section 13.01(e) is reviewed
for abuse of discretion.  American
Transitional Care Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873
(Tex.2001); Richburg v. Wolf, 48 S.W.3d 375 (Tex.App.
B Eastland 2001, pet=n den=d).  A trial court=s
decision to grant the grace period under Article 4590i, section 13.01(g) is
also reviewed for abuse of discretion.  Walker
v. Gutierrez, 111 S.W.3d 56 (Tex.2003).

In Walker, the supreme court held that, if
a report omits one or more of the elements required by Article 4590i, section
13.01(r)(6), a mistaken belief that the report is sufficient is not the type of
mistake that would entitle a claimant to the grace period provided for in
Article 4590i, section 13.01(g).  Walker
v. Gutierrez, supra.  Here, the trial
court specifically found that the report was inadequate and that it did not
meet the legal requirements of Article 4590i, section 13.01(r)(6).  That finding has not been challenged, and we
have not been asked to review that finding for an abuse of discretion.  If a report omits any of the statutory
requirements, it cannot constitute a good faith effort to comply with the
statute.  The report was inadequate, as
found by the trial court; and it cannot constitute a good faith effort to
comply with the statute.  American
Transitional Care Centers of Texas, Inc. v. Palacios, supra; In
re Tenet Hospitals Limited, supra. 
Because the report in this case did not constitute a good faith effort
to comply with the statute, the trial court should have granted Dr. Vaughan=s motion to dismiss.  Furthermore, because the report did not
address one or more elements required by Article 4590i, section 13.01(r)(6), it
is not the type of mistake that would entitle Swift to the grace period
provided by Article 4590i, section 13.01(g) in order to comply with Article
4590i, section 13.01(r)(6).  Walker v.
Gutierrez, supra. 

The petition for writ of mandamus is conditionally
granted.  In the event that the trial
court does not enter its order denying the grace period requested by Swift and
granting Dr. Vaughan=s
motion to dismiss, a writ of mandamus will issue. 

 

TERRY McCALL

JUSTICE

 

February 19, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Although applicable to this case,
Article 4590i was repealed effective September 1, 2003; and the subject matter
is now governed by  TEX. CIV. PRAC. &
REM. CODE ANN. ch. 74 (Vernon Pamph.
Supp. 2004).  Matters regarding expert
reports are specifically governed by Section 74.351.