**In re Joseph ABRAHAM, Jr., Relator.**

**No. 08–98–00413–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 12, 1999.

---

5. TEX. CONST. arts. I, § 15, V, § 10.

6. *Williams v. Williams*, 19 S.W.3d 544, 545–46, (Tex.App.—Fort Worth 2000, no pet. h.).

Jack Paul Leon, Leon, Amberson & Carroll, L.L.P., San Antonio, for Relator.

Jerry Woodard, Judge, respondent.

Kathleen H. Olivares, Judge, respondent.

Before Panel No. 4 BARAJAS, C.J., LARSEN and McCLURE, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. Relator, Joseph (Sib) Abraham, Jr., the subject of a contempt proceeding, seeks mandamus relief directing the trial court to refer the underlying matter to the presiding judge of the administrative region as required by TEX. GOV'T.CODE ANN.

§ 21.002(d) (Vernon supp.1999). We conditionally grant the writ of mandamus.

### I. PROCEDURAL HISTORY

The scant record in the instant case establishes that on August 19, 1998, Relator was scheduled to appear before Respondent, the Hon. Kathleen Olivares, presiding judge of the 205th Judicial District Court, in a hearing in a civil suit. Relator and opposing counsel went to the outer office area of the court where Respondent's secretary asked Relator if he was prepared to proceed with the scheduled hearing. Relator was advised for the first time that the Hon. Judge Olivares was out of town, but that a visiting judge, the Hon. Judge Jerry Woodard, would be presiding over the hearing in her stead. Relator advised Respondent's secretary that Judge Woodard would be unable to preside over any matter involving Relator inasmuch as there was a standing order of recusal.[1] Respondent's secretary then went to inform Judge Woodard of Relator's concerns. Relator and opposing counsel then proceeded to Respondent's chambers in order to discuss the matter with Judge Woodard. The trio met at the doorway of Respondent's chambers and words were exchanged.

On August 21, 1998, two days after the incident between Relator and Judge Woodard, Relator discovered second hand, through another attorney, that Judge Woodard had summarily entered a judgment holding Relator in contempt. The summary judgment of contempt, entered without notice or a hearing, stated as follows:

### JUDGMENT

Be it remembered that on the 19th day of August, 1998, Joseph Abraham, appeared as attorney of record in Cause No. 98–2742, styled William David Abraham v. Leo Samaniego and City of El Paso, for a hearing duly set before the

1. The precise nature and scope of the standing order of recusal is not before this court.

Court. Mr. Abraham contumaciously refused to proceed with the hearing or file any motion in reference to the 'striking' of the Senior Judge presiding, vociferously stating to the Court there was an order entered prohibiting this Judge to hear any of his cases, and that this Judge 'knew it,' and when this Judge cautioned 'now watch out, Mr. Abraham' he replied 'you had better watch out!' He then departed the Court stating he was going to see 'Judge Moody,' and did not return.

It is hereby the finding of this Court that such contumacious conduct interfered with the administration of justice. It is hereby ORDERED, ADJUDGED, AND DECREED that Joseph Abraham be held in contempt of this Court.

A hearing on the punishment is hereby set for 8th day of October, 1998, to which the contemnor is hereby ordered to appear.

> Signed and Entered this 20 day of August, 1998.
>
> /s/ Jerry Woodard
>
> Jerry Woodard, Judge Presiding

Subsequent to the entry of summary judgment of contempt, an order was entered by Judge Woodard giving notice of the time of a prospective hearing. A proper motion was filed by Relator to refer the pending case to the presiding judge of the judicial administrative region, as required by TEX. GOV'T CODE ANN. § 21.002(d) (Vernon supp.1999). An order was entered by Judge Woodard denying Relator's Motion to Refer (and holding TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon supp.1999) to be unconstitutional) and further ordering that the scheduled punishment hearing would be before the Hon. Kathleen Olivares, Judge of the 205th Judicial District Court, "to determine any issue of due process **not** relating to the constitutionality of the statute." (emphasis supplied). On October 8, 1998, the day of the scheduled punishment hearing, Relator file a motion for continuance which was granted by the Hon. Kathleen Olivares. On November 16, 1998, Relator filed his second motion to refer the pending case to the presiding judge of the judicial administrative region, as required by TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon supp.1999). Finally, on April 21, 1999, Judge Woodard reconsidered his prior order of September 30, 1998 referring the matter to the Hon. Kathleen Olivares, withdrew his order of referral to Judge Olivares, and entered an Amended Order noting that he would refer the matter to the presiding judge of the administrative region, among other things.[2] Contemnor now seeks mandamus relief, asking that this Court order that the matter be referred to the presiding judge of the administrative region for appropriate action, as required by statute.[3]

## II. DISCUSSION

■ Mandamus is an extraordinary remedy available only in the most limited of circumstances. *See Canadian Helicop-*

---

**2.** In a bizarre turn of events, Judge Woodard denied Contemnor's Motion to Refer Case, and *sua sponte* found Tex.Gov't.Code Ann. Sec. 21.002(d) (Vernon supp.1999) to be unconstitutional, thus keeping himself on the case. We render no opinion on the constitutionality of Section 21.002(d), nor should one be implied.

**3.** We note that various facts are in dispute. Specifically disputed is whether the words exchanged between the visiting judge and Relator took place in court, during a hearing. We render no opinion on whether the alleged conduct constituted an arguable basis for direct, rather than indirect contempt. For purposes of this mandamus proceeding, we assume that the alleged conduct took place in court, as asserted by the trial court's judgment of contempt, and thus we will restrict our discussion to the applicability of the mandatory provisions of TEX. GOV'T.CODE ANN. § 21.001(d) (Vernon Supp.1999). *C.f. In re Betty Brock Bell*, 894 S.W.2d 119, 126 (Tex. Spec.Ct.Rev.1995) (judicial disciplinary proceeding where judge held attorney in direct contempt and who later characterized attorney's actions as having been done in open court when in fact that was not the case, found to be a wilful violation of the Texas Code of Judicial Conduct.)

*ters, Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). A court should issue mandamus only to correct a clear abuse of discretion or the violation of a legal duty when there is no other adequate remedy at law. *See Canadian Helicopters,* 876 S.W.2d at 305; *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). The relator has the burden of showing an abuse of discretion as well as the inadequacy of appellate remedy. This burden is a heavy one. *See Canadian Helicopters,* 876 S.W.2d at 305; *Lutheran Soc. Serv., Inc. v. Meyers,* 460 S.W.2d 887, 889 (Tex. 1970).

■ The test for abuse of discretion is not whether, in the reviewing court's opinion, the facts present a proper case for the trial court's action. Rather, the question is whether the trial court acted without reference to any guiding rules or principles. See *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

■ It is axiomatic that a court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done. TEX. GOV'T.CODE ANN. § 21.001(b) (Vernon 1988)). Implicit in that responsibility is that the court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including the authority to issue the writs and orders necessary or proper to aid in its jurisdiction. *Id.* TEX. GOV'T.CODE ANN. § 21.001(a)(Vernon 1988). Courts have inherent power to find parties before them in contempt. *Ex parte Chambers,* 898 S.W.2d 257, 268 (Tex.1995); *Ex parte Pryor,* 800 S.W.2d 511, 512 (Tex. 1990) (citing *Ex parte Gorena,* 595 S.W.2d 841, 843 (Tex.1979); TEX. GOV'T.CODE ANN. § 21.001 (Vernon 1988)).

Section 21.002 of the Texas Government Code provides the court with contempt powers. Subsection (d) specifically speaks to an officer of the court being held in contempt. This subsection reads as follows:

An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence. The presiding judge of the administrative judicial region in which the alleged contempt occurred shall assign a judge who is subject to assignment by the presiding judge other than the judge of the offended court to determine the guilt or innocence of the officer of the court.

TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp.1999) (emphasis supplied).

■ We find the statutory provisions of TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp.1999), as it relates to the mandatory referral provisions, to be clear. In order to invoke those mandatory provisions however, the following two prerequisites must take place:

1) The offended court must enter a finding of contempt against an officer of the court;

2) The officer of the court must file a proper motion in the offended court, requesting that the matter be referred to the presiding judge of the administrative region in which the alleged contempt occurred.

Compliance with the above two prongs renders referral of the contempt matter by the offended court, to the presiding judge of the administrative region, a ministerial act. *See* TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp.1999). *Jamilah v. Bass,* 862 S.W.2d 201, 202 (Tex.App.—Houston. [14th Dist.] 1993, *orig. proceeding* ). Upon receipt of the request, the presiding judge of the administrative region shall appoint a judge of a district court, other than the offended court, to determine the guilt or innocence of the officer or the court. TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp. 1999).

The record in the instant case demonstrates that on September 15, 1998 Relator filed his first motion to refer the case to

the presiding judge of the administrative region as required by TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp.1999). On November 16, 1998, Relator filed his second such motion. Finally, on May 6, 1999, Relator filed his third motion. To date, Respondent Judge Woodard has refused to refer the case to the presiding judge of the administrative region.

We find that Respondent has abused his discretion and violated the clear legal duty to refer the underlying cause to the presiding judge of the administrative region as required by TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp.1999). Relator does not have an adequate remedy of appeal from Respondent's earlier refusals to act. Consequently, we find that Respondent has acted without reference to any guiding rules or principles.

Having found that Relator has no other adequate remedy at law to seek enforcement of an otherwise ministerial act on the part of Respondent, we conditionally grant Relator's application for writ of mandamus. Mandamus will issue should Respondent elect not to refer the underlying contempt action to the presiding judge of the administrative region, as required by TEX. GOV'T.CODE ANN. § 21.002(d) (Vernon Supp.1999).