# NO. 12-12-00195-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOEL MALLORY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator Joel Mallory filed a petition for writ of mandamus in which he contends that the Honorable Joe D. Clayton (Respondent), assigned judge for the 7th Judicial District Court of Smith County, Texas, has no authority to act in a contempt proceeding in which Relator is named as the contemnor. Consequently, Relator seeks a writ of mandamus directing Respondent to dismiss the underlying proceeding. Relator also filed a motion for emergency relief seeking to obtain a copy of certain sealed documents to file in this court as a "sealed supplement." We deny the petition in part, dismiss it in part, and dismiss the motion for emergency relief as moot.

### BACKGROUND

The underlying contempt proceeding arose out of a criminal trial in the 7th Judicial District Court. The Honorable Kerry L. Russell is the presiding judge of that court. The acts that gave rise to the contempt proceeding occurred during a hearing conducted by Judge Russell on September 16, 2011. The hearing was initially scheduled as a sentencing hearing for a defendant who had entered a guilty plea. But at some point before the hearing commenced, the defendant's appointed counsel filed several motions, two of which are pertinent here: (1) a motion to withdraw the defendant's guilty plea, and (2) a motion to withdraw as counsel for the defendant in which he also requested that Relator be substituted as counsel.

Relator appeared at the September 16 hearing and confirmed that he had been retained to represent the defendant. He informed the court that he would like to "continue along the path" to make further arguments that the guilty plea should be withdrawn and requested an "adequate opportunity to do so." He stated further that "I'm actually on my way to my mother's funeral. My mother just passed during the week[.]" The trial court granted the motion to withdraw and substitute counsel and then turned to the motion to withdraw the plea.

Relator told the court that "as a newcomer," he was not prepared to argue the motion, "which goes back to the motion for continuance as to proceed." After further discussion, Relator again requested a continuance to allow him time to review the file and prepare for a hearing on the motion "and in light of my personal circumstances."

During the remainder of the hearing, Relator made additional references to his mother's death. When the trial court asked Relator how much time he was requesting, Relator responded that "[w]hat I'm looking at, it's not so much just attendance to the funeral, but it's just the other kinds of winding down process I see myself getting involved in. I would request 30 days." In explaining why he had not promptly notified the prosecutor that he had been retained, Relator replied that he had been retained "last Friday" but had thought he was being retained for an appeal.[1] He stated further that "Sunday, Monday, that's when I learned about my mother's death; and I've been dealing with that." He also informed the court that his mother's funeral was the next day.

Later in the hearing, Relator commented that "[o]ne thing I continue to point out, I think the usual circumstances–all this is exacerbated is what was [sic] just occurred to me, the loss– the tremendous loss that I've just–and I'm continuing to go through. As we sit here arguing, the only thing I'm sitting here thinking about, really, is my mother." In his final remarks to the court regarding his need for a continuance, Relator relied on "the circumstances that total–the totality of the circumstances of my involvement [in this case] and the loss I had. That's all. I'm just presenting that to the Court." The trial court granted the continuance and set the hearing on the defendant's motion for October 21, 2011.

After the September 16 hearing, an investigator for the State conducted an inquiry pertaining to the date of death of Relator's mother. When the case was called on October 21, the court announced that the State had filed a motion to determine the truthfulness of the statements

---

[1] The hearing was held on Friday, September 16, 2011. The preceding Friday was September 9.

Relator made during the September 16 hearing about his mother's date of death. The State's motion included allegations, based on information gathered during the inquiry, that Relator had misrepresented his mother's date of death to the court.

In its initial comments, the court stated that "I don't really need to know much about what their allegations are because I have, frankly, I guess an intent to refer most of this to our regional presiding judge. Because whenever I read this, it appears it's primarily aimed at being a contempt type of motion." The court then asked Relator when his mother died, and Relator answered that "[i]t's my understanding she was declared deceased on September 22nd." The court also asked Relator if he had an explanation for his prior statements. Relator replied that he did but wanted to provide it at a "proper proceeding where I can vindicate my rights under the constitution and the procedures–the court procedures and with testimony of witnesses other than myself." The court then informed Relator that the matter would be referred to the presiding judge of the administrative region for the assignment of another judge to hear the contempt matter.

By letter dated October 21, 2011, Judge Russell referred the matter to the Honorable John Ovard, presiding judge of the administrative region. In his letter, Judge Russell provided a brief statement of facts. He also stated that Relator had filed a response to the State's motion, a motion to recuse the Smith County District Attorney, and a request for the appointment of a special prosecutor. He then asked that Judge Ovard assign a judge to hear the contempt matter as soon as possible. Judge Ovard assigned Respondent, who, after a hearing on February 27, 2012, granted Relator's motion to recuse the Smith County District Attorney's Office and appointed James R. Hagan as special prosecutor for the State. On March 27, 2012, the State filed a motion requesting that Relator be found in contempt of court and fined not more than $500.00, confined in the county jail for no more than six months, or both. Relator then filed this original proceeding and the accompanying motion for emergency relief.

## PREREQUISITES TO MANDAMUS

A relator's right to mandamus relief generally requires a predicate request for some action and a refusal of that request. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). This predicate is relaxed only on the rare occasions where the circumstances confirmed that the request would have been futile and the refusal little more than a formality. *Id*.

3

Once this predicate is satisfied, the relator must show he is entitled to mandamus relief. In a civil case, the relator has the burden to establish that the trial court's act or refusal to act constitutes a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). In a criminal case, the relator must establish that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision, and that he has no other adequate legal remedy. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Thus, whether the case is civil or criminal, the usual object of a petition for mandamus relief is an order of the trial court or its refusal to act after being asked to do so. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Prudential*, 148 S.W.3d at 135-36.

## AVAILABILITY OF MANDAMUS

In this case, Relator complains of only one action taken by Respondent. Specifically, he challenges an order issued by Respondent on February 23, 2012, finding Relator in contempt for failure to appear at a hearing. The State has provided a copy of an order issued by Respondent on June 1, 2012, vacating the February 23 order. This renders Relator's complaint about the February 23 order moot. *See In re Watkins*, No. 05-12-00203-CV, 2012 WL 779658, at *1 (Tex. App.–Dallas Mar. 9, 2012, orig. proceeding) (mem. op.) (vacating standing order in question rendered issues presented in mandamus petition moot).

Relator also asserts that Respondent has no authority to rule on the State's contempt motion. He contends that the trial court referred the contempt matter to Judge Ovard pursuant to Texas Government Code Section 21.002. Therefore, he argues, Judge Ovard's order assigning Respondent cannot confer the necessary authority for Respondent to decide Relator's guilt or innocence because the trial court did not find Relator in contempt. Section 21.002 provides as follows:

> An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence. The presiding judge of the administrative judicial region in which the alleged contempt occurred shall assign a judge who is subject to assignment by the presiding judge other than the judge of the offended court to determine the guilt or innocence of the officer of the court.

*See* TEX. GOV'T CODE ANN. § 21.002(d) (West 2004).

4

To invoke the protections that Section 21.002 affords an officer of the court, two prerequisites must be satisfied: (1) the offended court must enter a finding of contempt against an officer of the court, and (2) the officer of the court must file a proper motion in the offended court, requesting that the matter be referred to the presiding judge of the administrative region in which the alleged contempt occurred. *In re Abraham*, 22 S.W.3d 512, 515 (Tex. App.–El Paso 1999, orig. proceeding). The record does not reflect that the court entered the requisite contempt finding. Further, the record does not reflect that Relator has filed a motion to dismiss the contempt proceeding or otherwise requested Respondent to take any action pertaining to Relator's doubts about Respondent's authority to act. *See In re Perritt*, 992 W.W.2d at 446. And finally, Relator does not identify any act or refusal to act by Respondent. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Prudential*, 148 S.W.3d at 135-36. Therefore, we cannot conclude that this complaint provides any basis for mandamus relief.

In his other arguments, Relator asserts that (1) his conduct is not actionable contempt; (2) the contempt matter is barred by the prosecutor's and trial court's improper motives and constitutional violations and by the State's illegal search; and (3) the special prosecutor's motion fails for unconstitutional vagueness. The State asserts that, by these arguments, "Relator seeks to preemptively substitute the judgment of this court over the judgment of the trial court in a matter that has yet to be heard and decided on the merits." We agree. These matters do not relate to whether Respondent has the authority to determine Relator's guilt or innocence, but instead relate to the merits of the State's motion for contempt. Relator cites no authority supporting a conclusion that mandamus can be used to prejudge the merits of the underlying proceeding, and we are not aware of any such authority. Accordingly, we decline to do so.

## DISPOSITION

We have held that Relator's challenge to Respondent's February 23, 2012 order is moot. Therefore, we *dismiss* that complaint. As to Relator's remaining arguments, Relator does not point to any act or refusal to act by Respondent that forms the basis of his request for mandamus relief. Accordingly, as to these arguments, we *deny* Relator's petition for writ of mandamus. We also *dismiss* Relator's motion for emergency relief as moot.

5

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2012

### NO. 12-12-00195-CV

**JOEL MALLORY,**
Relator
v.
**HON. JOE D. CLAYTON**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JOEL MALLORY**, who is the relator in Cause No. 07-1350-10, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 29, 2012, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**. Relator's challenge to Respondent's February 23, 2012 order is moot and **DISMISSED**. Relator's motion for emergency relief is moot and **DISMISSED**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*