**Motion Granted; Appeal Dismissed and Memorandum Opinion filed August 22, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00437-CV

---

### WILMA REYNOLDS AND CARL GORDON, Appellants

### V.

### QUANTLAB TRADING PARTNERS US, LP; QUANTLAB FINANCIAL, LLC; AND DAVID REYNOLDS, Appellees

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-83411**

---

## MEMORANDUM OPINION

This is an attempted appeal from four postjudgment orders: (1) a May 15, 2024 order denying appellants' motion to abate and compelling discovery responses; (2) a June 14, 2024 amended order denying appellants' motion to abate and compelling discovery responses; (3) a June 4, 2024 order referring appellees' motion to hold appellant Carl Gordon in contempt to the appropriate judge; and (4) a July 12, 2024 amended order referring the contempt action to Judge Colleen

Gaido. On July 12, 2024, appellees filed the following five motions in this court: (1) a motion to dismiss; (2) a request to refer appellee Carl Gordon to the State Bar; (3) a motion for damages for frivolous appeals; (4) a motion for sanctions; and (5) a request for judicial notice. Because we hold that we lack jurisdiction over this appeal, we grant appellees' motion to dismiss the appeal, but decline to rule on appellees' ancillary requests.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Orders made for the purpose of enforcing or carrying into effect an already-rendered judgment generally are not final judgments, and therefore cannot be appealed. *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The appealed orders compelling discovery and denying abatement were made for the purpose of carrying into effect an already-rendered judgment and cannot be appealed. *See Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex. App.—Texarkana 2008, no pet.). Appellants' remedy to challenge these orders is by petition for a writ of mandamus, which appellants have already attempted, and this court denied. *See In re Reynolds*, No. 14-24-00364-CV, 2024 WL 2821619 at *1 (Tex. App.—Houston [14th Dist.] June 4, 2024, orig. proceeding); *In re Reynolds*, No. 14-24-00414-CV, 2024 WL 2891001 at *1 (Tex. App.—Houston [14th Dist.] June 10, 2024, orig. proceeding).

The appealed orders referring the contempt proceedings to a court other than the offended court to determine guilt or innocence are not final appealable judgments and the proper avenue to challenge these orders is by way of petition for a writ of mandamus. *See In re Abraham*, 22 S.W.3d 512, 516 (Tex. App.—El Paso 1999, orig. proceeding) (conditionally granting petition for writ of mandamus when trial court failed to make order of referral for contempt action); *see also* Tex.

Gov't Code Ann. § 21.002 (providing for referral of contempt action to court other than offended court).

Because none of the orders being appealed are final appealable orders over which we have jurisdiction, we dismiss the appeal.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Spain and Poissant.